**BA COMMERCIAL CORPORATION, Appellant,**

v.

**HYNUTEK, INC., Appellee.**

**No. 05–85–00293–CV.**

Court of Appeals of Texas, Dallas.

Jan. 8, 1986.

Rehearing Denied Feb. 14, 1986.

Louis H. Altman, Jacob M. Gold, Norman A. Zable, P.C., Dallas, for appellant.

Edward V. Smith, III, William V. Counts, Jr., Taylor & Mizell, Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

DEVANY, Justice.

BA Commercial Corporation appeals a summary judgment granted in favor of Hynutek, Inc. for $320,000. In seven points of error, BA Commercial complains that the trial court erred in: (1) granting summary judgment because Hynutek had not established that there was no remaining issue of material fact; (2) refusing to allow BA Commercial to file a supplemental answer and response; (3) dismissing two co-defendants from the action; (4) entering a summary judgment that did not conform to the pleadings; and (5) entering a summary

judgment in violation of the automatic stay provision of the Bankruptcy Code. We overrule each of these points of error. By what we construe as a cross-point, Hynutek requests damages and costs, claiming that this appeal is frivolous. We overrule this cross-point also. We, therefore, affirm the judgment of the trial court.

In December 1982, Hynutek contracted to sell four industrial lathes to MTC Gear Corporation and its president, Muzzamil Niazi, for $940,041. MTC and Niazi were to make a $340,000 down payment, to be paid in installments beginning immediately and continuing through July 15, 1983. The remaining $600,041 was then to be financed over the next 36 months with interest at 10%.

BA Commercial agreed to guarantee $320,000 of this amount, issuing to Hynutek a "Standby Guarantee of Payment." This agreement provides in part:

Reference: Standby Guarantee of Payment—MTC Gear Corporation

... [W]e hereby issue this Guarantee of Payment to Hynutek, Inc., at the request of MTC up to the aggregate amount of Three Hundred Twenty Thousand Dollars ($320,000.00) payable to you on ten (10) days' written notice of your demand in the form below:

A certified statement signed by an officer of Hynutek, Inc., stating that MTC Gear Corporation has failed to make payment as follows: "$_____ (specify amount) of interest and principal has become due and such amount has remained unpaid for twenty-five (25) days from due date."

This Letter Guarantee is valid until December 31, 1983.... Additional terms of the transaction between Hynutek, Inc., MTC Gear Corporation and BA Commercial Corporation are covered in the attached letter from Muzzamil Niazi dated December 9, 1982....

MTC and Niazi became insolvent and defaulted on their payments to Hynutek. By November 18, 1983, they were more than

25 days delinquent on payments of $75,-531.48. Beginning then, Hynutek sent to BA Commercial a series of letters. The last one, dated January 31, 1984, gave notice that $480,030.75 of principal became due on December 31, 1983 and such amount has remained unpaid for twenty five (25) days from the due date. BA Commercial asserts that this letter was inadequate and also that it had no effect because its guaranty agreement had expired by its own terms on December 31, 1983.

■ BA Commercial maintains in its first two points of error that the "Standby Guarantee of Payment" it issued should be construed as a letter of credit. If this were true, Hynutek would be required to strictly comply with the conditions of the credit for BA Commercial to incur liability. *Temple-Eastex, Inc. v. Addison Bank*, 672 S.W.2d 793, 795 (Tex.1984). Additionally, the issuer would normally incur no liability on demands for payment presented after the letter expired. *Id.*

The contract between Hynutek and BA Commercial is not, however, a letter of credit. "Letter of Credit" is defined in the Texas Business & Commerce Code as "an engagement by a bank or other person made at the request of a customer and of a kind within the scope of this chapter (Section 5.102)." TEX.BUS. & COM.CODE ANN. § 5.103(a)(1) (Tex.UCC) (Vernon 1968).

Section 5.102 provides:

*Scope*

(a) This chapter applies
   (1) to a credit issued by a bank if the credit requires a documentary draft or a documentary demand for payment; and
   (2) to a credit issued by a person other than a bank if the credit requires that the draft or demand for payment be accompanied by a document of title; and
   (3) to a credit issued by a bank or other person if the credit is not within Subdivision (1) or (2) but conspicuously states that it is a letter of credit or is conspicuously so entitled.

(b) Unless the engagement meets the requirements of Subsection (a), this chapter does not apply to engagements to make advances or to honor drafts or demands for payment, to authorities to pay or purchase, to guarantees or to general agreements.

(c) This chapter deals with some but not all of the rules and concepts of letters of credit as such rules or concepts have developed prior to this title or may hereafter develop. The fact that this chapter states a rule does not by itself require, imply or negate application of the same or a converse rule to a situation not provided for or to a person not specified by this chapter.

The agreement between Hynutek and BA Commercial falls outside the scope of article five. There is no evidence that BA Commercial is a bank, hence the engagement was not within the scope of § 5.102(a)(1). Section 5.102(a)(2) is unsatisfied because there was no requirement of a document of title. Finally, the requirements of § 5.102(a)(3) are not met because the document nowhere states that it is a letter of credit. Thus, because under the terms of § 5.102 the agreement is outside the scope of article five, under the terms of § 5.103 it cannot be a letter of credit.

■ BA Commercial urges that, even if we construe the agreement as a guaranty rather than a letter of credit, Hynutek has not complied with the conditions precedent to their obligation to pay because the demand for payment did not track the form in the guaranty precisely, noting that guaranties are strictly construed in favor of the guarantor, *Coker v. Coker*, 650 S.W.2d 391, 394 n. 1 (Tex.1983), and that this is a summary judgment action. Hynutek urges that it has sufficiently complied with the notice requirement of the guarantee agreement. We agree with Hynutek's contention. Hynutek sent at least three demand letters to BA Commercial. The last one, dated January 31, 1984, in fact comes close to tracking the precise language used in

the guaranty agreement. BA Commercial contends that this demand letter was ineffective because it is dated after the guaranty expired. BA Commercial urges that a demand by a beneficiary of a letter of credit must be made before the credit expires. *Temple-Eastex*, 672 S.W.2d at 795. However, we have before us a guaranty, not a letter of credit, and we are cited to no such requirement covering guaranties. Additionally, a fair reading of the guaranty shows that such an interpretation would defeat the express intent of the parties. Additional terms of the guaranty agreement between BA Commercial and Hynutek are expressly covered in a letter from Niazi to Hynutek, acknowledged by BA Commercial a copy of which it attached to its guaranty agreement. This letter states that BA Commercial "will guarantee $370,000 of the financed amount during calendar 1983 ..."

We hold that the guaranty was for amounts falling due in 1983. This included the entire unpaid amount, which was accelerated and fell due on December 31, 1983 under the contract because MTC and Niazi were unable to obtain a renewal of the guaranty. That amount, however, could not have been more than 25 days delinquent until January 26, 1984. Thus, requiring that 25 days notice be given by December 31, 1983, would, in effect, have made a proper demand technically impossible and, therefore, would be contrary to the intent of the parties.

We note that BA Commercial makes no contention that the accelerated amount that became due "at December 31, 1983" was not included within the terms of the guaranty, which was valid "until December 31, 1983," other than to imply that timely notice would be impossible. Whether "until" is a word of inclusion or exclusion cannot be determined by any general rule. *Bantuelle v. Bantuelle*, 195 S.W.2d 686, 688 (Tex.Civ.App.—Texarkana 1946, no writ). We agree with the parties' assumption that, when read with reference to the December 12, 1982 letter, which stated the guaranty would be in force "during calendar year 1983," the guaranty included amounts that fell due on December 31, 1983.

Because it was not until December 31, 1983 that MTC and Niazi became delinquent as to the entire amount of $320,000 that BA Commercial guaranteed to Hynutek, the demand letter of January 31, 1984 was timely. It was also adequate. Furthermore, it contained all the material requirements of the guaranty agreement and varied as to preciseness from the quote in the guaranty only to the extent of altering "has become" to "became," supplying the date that the payments became due, and omitting "interest" from the amount due (presumably because none had yet accrued). BA Commercial could not conceivably have been misled by these trivial alterations.

In summary as to BA Commercial's first two points of error, the overall concept of this transaction is that Hynutek sold merchandise to MTC and Niazi on credit, with Hynutek acting in reliance on the guaranty provided by BA Commercial with respect to indebtedness accruing in 1983, and since Hynutek did so, and Hynutek gave the notice with the information specified, its right to receive payment under the guaranty cannot be defeated by the mere technicality, which in no way harmed BA Commercial, of failure to use precisely the language specified in the guaranty agreement.

In its points of error three and four, BA Commercial claims that the trial court abused its discretion by refusing to allow it to file a supplemental answer and supplemental response to Hynutek's motion for summary judgment. In these documents, BA Commercial intended to request the court to abate the proceedings because MTC and Niazi had filed for bankruptcy. In its related point of error seven, BA Commercial further claims that the trial court's grant of summary judgment to Hynutek violated the automatic stay provision of the Bankruptcy Code. We disagree with each of these contentions.

The automatic stay in bankruptcy applies to "the debtor." 11 U.S.C. § 362. For present purposes, this means the individual and corporation that have filed for bankruptcy. 11 U.S.C. § 101(12) and (30). It does not include a guarantor of the debtor. *Otoe County National Bank v. WP Trucking, Inc.*, 754 F.2d 881 (10th Cir. 1985). We overrule BA Commercial's seventh point of error. Because the automatic stay was inapplicable to BA Commercial, we also overrule its points of error three and four; BA Commercial has clearly not been harmed by the trial court's refusal to allow it to file such documents.

In its fifth point of error, BA Commercial asserts that the trial court erred in dismissing MTC and Niazi from the suit. It claims that Hynutek did not comply with the procedure for dismissing parties that is delineated in rules 162 and 163 of the Rules of Civil Procedure because BA Commercial was given no notice of this proposed dismissal and because it was prejudiced by it. BA Commercial, however, waived any complaint it might have had to the dismissal of MTC and Niazi by failing to object to it when Hynutek moved for dismissal in open court. *See Garcia v. Texas Employers' Insurance Association*, 622 S.W.2d 626, 630 n. 3. (Tex.App.—Amarillo 1981, writ ref'd n.r.e.).

It its sixth point of error, BA Commercial asserts that the judgment does not conform to the pleadings because Hynutek's pleadings named BA Commercial, MTC, and Niazi as defendants, whereas the judgment actually rendered was against BA Commercial alone. BA Commercial refers us to no cases requiring repleading after a party has been dismissed, and we see no useful purpose for such a rule. The relief granted to Hynutek does conform with its pleadings; Hynutek asked to recover from BA Commercial, and it did. That it also asked to recover from MTC and Niazi, who were later dismissed, did not create a variance, just as a party may be awarded a lesser included recovery than he sought in his pleadings. *See Smith v. Olsen*, 92 Tex. 181, 46 S.W. 631 (1898).

We overrule Hynutek's request for sanctions and attorney's fees. Although we have rejected each of BA Commercial's contentions, we hold that those contentions are not frivolous as urged by Hynutek.

The judgment of the trial court is affirmed.