BAYTOWN STATE BANK, Appellant,

v.

Paul W. NIMMONS, Jr., Individually and d/b/a Paul Nimmons & Associates; Paul W. Nimmons, P.C., Individually and d/b/a Paul Nimmons & Associates; Gregory–Edwards, Inc.; Constable James Douglas; Harris County, Texas, Appellees.

No. 01–94–00288–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1995.

Rehearing Overruled Aug. 24, 1995.

Ben H. Schleider, Jr., David A. McDougald, Houston, for appellant.

Paul W. Nimmons, Jr., P.C., Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

The case involves the effect of a judgment debtor's bankruptcy filing on the personal liability of a garnishee-bank. Baytown State Bank (the bank), appeals the trial court's judgment denying its bill of review, and denying its claims for injunctive relief and damages. We affirm in part, and reverse in part.

The following facts are uncontested. In November 1991, appellee Gregory–Edwards,

Inc., obtained a judgment against Leland Collins. In April 1992, Gregory–Edwards, Inc., filed an application for writ of garnishment naming Baytown State Bank as garnishee. The bank answered, admitting it was indebted to Leland Collins in the amount of $17,213.65. On September 30, 1992, a judgment was entered that Gregory–Edwards, Inc. recover the full garnished amount from the bank. Two weeks after the judgment in garnishment was signed, debtor Collins filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

No motion for new trial was filed in the garnishment action, nor was the judgment in garnishment appealed. An abstract of judgment was filed, naming the bank as judgment debtor. Gregory–Edwards, Inc. obtained a writ of execution, and requested the constable to levy on the assets of the bank. The bank then filed a petition for bill of review, and a suit seeking an injunction and damages, naming Gregory–Edwards, Inc., and others as defendants.[1] The trial court granted a temporary restraining order prohibiting further attempts to execute on the bank's assets. Thereafter, the trial court entered an agreed order for temporary injunction pending trial. After a bench trial, the trial court entered judgment denying bill of review relief, denying the bank's request for permanent injunction relief and damages, and declaring the judgment in garnishment enforceable against the bank, individually.

Neither party requested findings of fact and conclusions of law. In a trial to the court, where no findings of fact and conclusions of law are filed, the judgment of the trial court implies all necessary findings of fact to support it. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989); *Weng Enters., Inc. v. Embassy World Travel, Inc.,* 837 S.W.2d 217, 223 (Tex.App.—Houston [1st Dist.] 1992, no writ). Where the implied findings of fact are supported by the evi-

---

1. Paul Nimmons is named in the suit as the attorney who is seeking to execute on the judgment in garnishment. The bank concedes that Constable Douglas and Harris County, Texas would not be liable in damages, but also named them in the suit "so that injunctive relief would be fully effective." Neither the constable nor the county appeared at trial, and no brief was filed on behalf of either on appeal.

dence, it is this Court's duty to uphold the judgment on any theory of law applicable to the case. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

■ In point of error seven, the bank challenges the denial of its bill of review seeking to set aside the judgment in garnishment. A bill of review is an equitable proceeding to set aside a final judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. Corp. v. Briscoe,* 722 S.W.2d 407, 407 (Tex.1987). The general rule is that to prevail in a bill of review proceeding, a complainant must allege and prove (1) a meritorious defense, (2) which it was prevented from asserting or making by fraud, accident, or mistake of the opposing party, (3) unmixed with any fault or negligence of its own. *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979).

In the present case, the bank acknowledges that it owed a debt to Leland Collins, the judgment debtor, at the time the bank was served with the writ of garnishment. The bank offered no opposition to the entry of the judgment in garnishment at the time it was entered. The bank presented no evidence at the bill of review proceeding to satisfy the requirements for prevailing on a bill of review. The bank did not meet its burden of proof.

We overrule point of error seven.

■ Under points of error one and two, the bank argues that the judgment debtor's bankruptcy filing deprived the trial court of jurisdiction to enforce the judgment in garnishment, and automatically stayed appellees' attempt to enforce the judgment in garnishment. In point of error five, the bank asserts the trial court erred in failing to award the bank injunctive relief.

■ A petition filed under the bankruptcy code "operates as a stay, applicable to all entities, of the enforcement, against the debtor or against the property of the estate, of a

judgment obtained before the commencement of the case." 11 U.S.C. § 362(a)(2) (1985). The bankruptcy stay deprives state courts of jurisdiction over the debtor and his property until the stay is lifted or modified.[2] *Owen Elec. Supply, Inc. v. Brite Day Const., Inc.,* 821 S.W.2d 283, 287 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Consequently, any subsequent judicial proceedings taken against the debtor are in violation of the automatic stay and are *void,* not merely voidable. *Continental Casing Corp. v. Samedan Oil,* 751 S.W.2d 499, 501 (Tex.1988). Any court action in violation of the automatic stay is void, regardless of whether the court had notice of the bankruptcy. *Kalb v. Feuerstein,* 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Star–Tel, Inc. v. Nacogdoches Telecomm., Inc.,* 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ Appellees correctly point out that the automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants. *See Star–Tel,* 755 S.W.2d at 150. Likewise, the automatic stay does not protect a guarantor on a note. *BA Commercial Corp. v. Hynutek, Inc.,* 705 S.W.2d 713, 717 ((Tex.App.—Dallas 1986, no writ). However, these rules have no application in the present proceedings. The bank is not a co-defendant, nor is the bank a guarantor; the bank is a garnishee.

■ Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debtor's debt. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 63.001 (Vernon 1986); TEX.R.CIV.P. 657–79. The only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer. Funds placed with a bank become general deposits which create a debtor-creditor rela-

---

**2.** The record indicates the bankruptcy stay was never lifted or modified with regard to Gregory-

Edwards, Inc.'s judgment against debtor Leland Collins.

tionship between the bank and the depositor. *Bank One, Texas, N.A. v. Sunbelt Sav., F.S.B.,* 824 S.W.2d 557, 558 (Tex.1992).

When an action is for garnishment of funds to satisfy a prior judgment against a debtor, the action is considered to be "against the debtor" and is stayed by bankruptcy proceedings of the debtor. *Owen Electric Supply,* 821 S.W.2d at 287; *American Precision Vibrator Co. v. National Air Vibrator Co.,* 771 S.W.2d 562, 563 (Tex. App.—Houston [1st Dist.] 1989, no writ). As a garnishee, the bank in effect holds the debtor's property as an officer or receiver for the court. *Intercontinental Terminals Co. v. Hollywood Marine, Inc.,* 630 S.W.2d 861, 863 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Service of the writ of garnishment creates a lien on the judgment debtor's property, impounding the funds in the hands of the garnishee bank. *Rome Indus. Inc. v. Intsel Southwest,* 683 S.W.2d 777, 779 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Appellees attempt to distinguish this Court's opinion in *Owen Electric Supply* by focusing on the timing of the bankruptcy filing. Appellees point out that the bankruptcy court filing in the *Owen* case was made after the application for writ of garnishment was filed, but *before* judgment against the garnishee was entered. This is a distinction without a difference. In the present case, the bankruptcy court filing was made before the judgment against the garnishee even became final.[3] In *Owen,* this Court noted that a judgment against a garnishee, entered in a garnishment proceeding, cannot be enforced when the underlying judgment against the debtor can no longer be enforced against the judgment debtor. *Owen Elec. Supply,* 821 S.W.2d at 287.

A comparable situation is when an attempt to enforce a contract lien on real property is stayed by bankruptcy proceedings. *Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied). In *Graham,* the court declared a foreclosure sale void, citing the stay provisions of § 362 and noting that the filing of bankruptcy before the foreclosure sale preempted action under state and common law that could be brought against property of the debtor. *Id.* Similarly, an attempt to enforce the lien created by garnishment is stayed by the debtor's bankruptcy proceedings.

Appellees rely on *In re Seay,* 97 B.R. 41, 45 (Bankr.D.Co.1989), in which the bankruptcy court based its ruling on Colorado law. The court found that pursuant to state statute and rules promulgated by the Colorado Supreme Court, the disbursement of garnished funds to a judgment creditor is effected *"without further application or order."* *Id.* at 44. The Colorado rules require only (1) a showing that the garnishee defendant is indebted to the judgment debtor, and (2) entry of a court judgment against the garnishee defendant for the use of the judgment creditor. *Id.* The bankruptcy court concluded, based on the statutory language, applicable rules and case law, that the rights and liabilities of the parties are determined as of the date of the garnishment. The court held that under Colorado law, the garnishment is final and conclusive at the moment the order is entered; once the court orders disbursement to the judgment creditor, the debtor's ownership rights in the property terminate. *Id.* at 44–45.

In contrast, a judgment in garnishment in Texas, like any other judgment, is not self-executing. As the bank points out, this is a critical distinction. In general, judgments "shall be enforced by execution or other appropriate process." TEX.R.CIV.P. 621. The Texas Rules of Civil Procedure provide that in garnishment actions "execution shall issue thereon in the same manner and under the same conditions as is or may be provided for the issuance of execution in other cases." TEX.R.CIV.P. 668. The rule

---

**3.** The judgment in garnishment was signed September 30, 1992; Leland Collins, the judgment debtor, filed the chapter 7 bankruptcy petition on October 14, 1992.

governing execution expressly provides that execution shall issue "after the expiration of thirty (30) days from the time a final judgment is signed," or if a motion for new trial is timely filed, then thirty days after the motion is overruled by signed order or by operation of law. In other words, the execution may issue after the judgment becomes final. TEX. R.CIV.P. 627.[4] The Colorado rules contain no similar provision. In Texas, ownership of property subject to a judgment does not transfer until a writ of execution is issued and levied. TEX.R.CIV.P. 622, 629, 637–43.

We hold that the judgment debtor's chapter 7 bankruptcy filing deprived the trial court of jurisdiction to enforce the judgment in garnishment, and automatically stayed appellees' right to enforce the judgment in garnishment. The bank was entitled to relief enjoining execution on its assets to satisfy the judgment in garnishment, as a matter of law. Accordingly, we sustain points of error one, two, and five.

In light of our rulings on points of error one, two, five and seven, it is unnecessary for us to rule on the remaining points of error, and we decline to do so.

We affirm the judgment denying bill of review relief. We reverse the judgment of the trial court in the injunction action, and render judgment that appellees are enjoined from executing on the bank's assets to satisfy the judgment in garnishment.[5] We remand the bank's claim for damages to the trial court for further proceedings.

---

4. Rule 628 provides for execution before the thirtieth day "upon the filing of an affidavit by the plaintiff ... that the defendant is about to remove his personal property subject to execution by law out of the county, or is about to transfer or secrete such personal property for the purpose of defrauding his creditors." No such affidavit was filed here, nor was any attempt made to execute until more than a year after the judgment was entered.

5. It is uncontested that debtor Leland Collins received a discharge in bankruptcy on May 31, 1994. Pursuant to 11 U.S.C. § 524(a) (Supp. 1995), a discharge voids any judgment as a personal liability of the debtor and operates as an injunction against the continuation of an action or employment of process to recover any such debt.