Opinion issued August21, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00813-CV




ECONO LUBE N’ TUNE, INC. AND ECONO LUBE N’ TUNE, Appellants

V.

DAN’A DRAPER LAWSON, Appellee




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2000-57174




MEMORANDUM OPINION

          This is a restricted appeal brought by appellants, Econo Lube N’ Tune, Inc. (the
Corporation) and Econo Lube N’ Tune, from a default judgment rendered against
them in favor of Dan’a Draper Lawson (“Lawson”). In their first issue, which is
dispositive of the appeal, appellants assert that the default judgment violates the
automatic stay provided by United States Bankruptcy Code


 and, therefore, is void
as a matter of law. We reverse and vacate the judgment.
Background
          On November 4, 1998, Lawson took her car for repair work to the
Corporation’s facility located at 10611 Westheimer, Houston, Texas. Later that same
day, Lawson was injured in a car accident, which she asserts was due to the improper
repair of her brakes as performed in the shop. 
          Lawson filed suit against appellants on November 6, 2000. In response to the
suit, the Corporation filed with the trial court a “Notice of Pending Chapter 11 Case
and Notice of Automatic Stay,” including a copy of the bankruptcy petition. On
February 26, 2001, the trial court rendered a final default judgment for $1,192,750
in actual damages and $119,275 in prejudgment interest, jointly and severally, against
appellants. 
Automatic Stay
          In their first issue, appellants assert that, because the default judgment violates
the automatic stay provided by United States Bankruptcy Code Section 362, it is void
as a matter of law. The Bankruptcy Code provides that the filing of a bankruptcy
petition operates as a stay of
the commencement or continuation, including the issuance or
employment of process, of a judicial, administrative, or other action or
proceeding against the debtor that was or could have been commenced
before the commencement of the case under this title, or to recover a
claim against the debtor that arose before the commencement of the case
under this title.

11 U.S.C.A. §362(a)(1) (2003).
          When a defendant files a bankruptcy petition, an automatic stay goes into effect
and abates any judicial proceeding against that party. In re Southwestern Bell Tel.
Co., 35 S.W.3d 602, 604 (Tex. 2000) (citing 11 U.S.C. §362(a)). The bankruptcy stay
deprives state courts of jurisdiction over the debtor and his property until the stay is
lifted or modified. Baytown State Bank v. Nimmons, 904 S.W.2d 902 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Consequently, any subsequent judicial
proceedings taken against the debtor are in violation of the automatic stay and are
void, not merely voidable. Id.; Continental Casing Corp. v. Samedan Oil, 751
S.W.2d 499, 501 (Tex.1988). In its appellate brief, the Corporation states that “Econo
Lube N’ Tune” is its registered trademark, and a name under which it does business. 
There is nothing in the appellate record to indicate anything to the contrary, and
appellee has not directly contradicted this statement.


 We take as true all statements
of fact made by an appellant unless they are contradicted. Tex. R. App. P. 38.1(f). 
Thus, the record reflects that appellants comprise a single corporate entity.
          We hold that the automatic bankruptcy stay applies to both appellants. We
sustain appellants’ first issue. Because this issue is dispositive of the appeal, we
decline to address appellants’ second issue.
          We vacate the default judgments rendered against both appellants, and direct
the trial court to stay all further proceedings in this cause pursuant to Section 362 of
the Bankruptcy Code. 


 
                                                                        Lee Duggan, Jr.
                                                                        Justice

Panel consists of Justices Hedges, Keyes, and Duggan