Order issued July 21, 2005








In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00521-CV 
         01-05-00522-CV
____________

IN RE MARYAM JAMILAH, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
          Relator, Maryam Jamilah, has filed a petition for a writ of mandamus,
complaining of the trial court’s April 7, 2005 final judgment awarding possession of
property and evicting Relator from this property.


 We hold that the April 7, 2005,
final judgment is void due to an automatic bankruptcy stay, and thus conditionally
grant a writ of mandamus directing respondent to vacate it.
       Facts
          Relator obtained a home equity loan, secured by her residence at 13618
Country Road #748, Rosharon, Texas (“the Property”). In September 2001,
Washington Mutual Bank FA, as Servicing Agent for Wachovia Bank, N.A. (f/k/a)
First Union National Bank, As Trustee for Long Beach Mortgage Loan Trust 2000-1,
Its Successors and Assigns (“Wachovia Bank”) filed in the 239th District Court of
Brazoria County, an application for an order for foreclosure of the Property. In
August 2002, Relator filed her first bankruptcy petition. In September 2002, while
Relator’s first bankruptcy was pending, the trial court signed an order allowing
foreclosure of the Property.
          In May 2003, following the dismissal of Relator’s first bankruptcy, Wachovia
Bank filed a second application for an order for foreclosure against Relator. In
November 2003, the trial court signed a second order allowing foreclosure of the
Property. In January 2004, Relator filed a second bankruptcy petition, which was
dismissed in May 2004. In August 2004, Wachovia Bank purchased the Property at
a trustee’s sale. 
          In August 2004, Wachovia Bank filed in Precinct Number 4-1, Justice Court
of Brazoria County, a petition for forcible detainer against Relator. In September
2004, the justice of the peace entered a judgment awarding possession of the Property
to Wachovia Bank.
          Relator appealed the justice court’s judgment of possession to the Brazoria
County Court No. 3.


 The county court conducted a jury trial on the merits. On
March 16, 2005, the jury returned a verdict (1) finding that Wachovia Bank was
entitled to the Property, and (2) awarding Wachovia Bank $500 in attorney’s fees
through trial and an additional $500 in attorney’s fees if the matter were appealed to
the Texas Court of Appeals.
          On March 22, 2005, Relator filed her third bankruptcy petition—cause number
05-80738-G3-13, United States District Court for the Southern District of Texas. On
this same date, Relator advised the Brazoria County trial court of her pending
bankruptcy petition. 
          On April 7, 2005, the trial court entered a final judgment on the jury’s verdict,
ordering that (1) Wachovia Bank have possession of the Property; (2) in five days,
Relator and all other occupants be evicted from the Property by issuance of a writ of
possession; (3) Wachovia Bank recover from Relator $500 in attorney’s fees; (4) if
Relator were to make an unsuccessful appeal to the Texas Court of Appeals, then
Wachovia Bank recover an additional $500 in attorney’s fees; and (5) the amount of
a supersedeas bond be set at $5,000. 
          On April 29, 2005, the federal bankruptcy court lifted the stay in Relator’s third
bankruptcy to permit Wachovia Bank to evict Relator from the Property. In May
2005, Relator’s third bankruptcy was dismissed. Wachovia Bank then served Relator
with a writ of possession in connection with the April 7, 2005 final judgment. On
May 31, 2005, we issued a memorandum order, staying enforcement of the April 7,
2005 final judgment. 
Discussion
          Relator contends she is entitled to mandamus relief because the trial court’s
final judgment—entered while her chapter 13 bankruptcy petition was pending—is
void. Wachovia Bank contends (1) the final judgment is valid, and (2) Relator is not
entitled to mandamus relief because she has an adequate appellate remedy. 
Validity of the Final Judgment
           If a debtor files a bankruptcy petition, the petition “operates as a stay,
applicable to all entities, of the enforcement, against the debtor or against the property
of the estate, of a judgment obtained before the commencement of the case.” See 11
U.S.C. § 362(a)(2) (1993 & Supp. 2000). The automatic stay deprives state courts of
jurisdiction over the debtor and the property he possesses until the stay is lifted or
modified. Baytown State Bank v. Nimmons, 904 S.W.2d 902, 905 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Actions taken in violation of the stay
are without legal effect. See Kalb v. Feuerstein, 308 U.S. 433, 439, 60 S. Ct. 343,
346 (1940); Howell v. Thompson, 839 S.W.2d 92, 92 (Tex. 1992). In Texas, these
actions are void, not merely voidable. Howell, 839 S.W.2d at 92; Nimmons, 904
S.W.2d at 905 (citing Continental Casing Corp. v. Samedan Oil, 751 S.W.2d 499,
501 (Tex. 1988)). Here, it is undisputed that the trial court entered its final judgment
for possession of the Property while Relator’s bankruptcy petition was pending in
federal court. 
          Wachovia Bank cites to Soares v. Brockton Credit Union, 107 F.3d 969 (1st
Cir. 1997), contending that the trial court’s entry of a final judgment is a ministerial
action permitted during an automatic stay. In Soares, the First Circuit recognized that
“[m]inisterial acts, even if undertaken in a state judicial proceeding subsequent to a
bankruptcy filing, do not fall within the proscription of the automatic stay.” Id. at
973–74. A ministerial act is one that is essentially clerical in nature—when a duty
is delineated by law with such clarity that nothing is left to the exercise of the
official’s discretion or judgment. Id. at 974 (holding that state court’s actions in
ordering default judgment and directing entry of judgment against debtor was
judicial, not ministerial, in nature). 
          Wachovia maintains that Soares applies in this case because the trial court’s
issuance of the final judgment was a ministerial act under Texas Rule of Civil
Procedure 300, which provides that judgments on a jury’s verdict “shall” be entered. 
Rule 300, however, states that the court shall render judgment “unless set aside, a new
trial is granted, or judgment is rendered notwithstanding verdict or jury finding under
these rules.” Tex. R. Civ. P. 300. The trial court thus has the opportunity to exercise
its discretion in entering a judgment—it may choose to set aside the jury’s verdict 
and grant a new trial, or render judgment for or notwithstanding the verdict. Entry
of judgment in this case is therefore a distinctly judicial act involving judicial
discretion, rather than a merely ministerial act.


 
          The trial court entered its final judgment after Relator filed her bankruptcy
petition and while the automatic stay was in effect. We therefore hold that the final
judgment is void.
 Subsequent Order Lifting Stay
          Wachovia Bank next contends that the bankruptcy court’s subsequent order
lifting the stay retroactively validates the trial court’s final judgment. We disagree. 
A void judgment is a nullity and cannot be resurrected. In re Bokeloh, 21 S.W.3d
784, 792–93 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (“A void
order is entirely null within itself; it is not susceptible to ratification or confirmation,
and its nullity cannot be waived”); In re DeLaGarza, 159 S.W.3d 119, 121 (Tex.
App.—Corpus Christi 2004, original proceeding) (holding that state court final
judgment was void because it was obtained in violation of automatic stay and that
dismissal of bankruptcy petition less than one month after judgment was entered had
no effect on void judgment).


 
Mandamus Relief
          Wachovia Bank contends that Relator is not entitled to mandamus relief
because she has an adequate remedy by appeal. Mandamus relief generally is
available when the record shows that the trial court clearly abused its discretion or
violated a duty imposed by law, and that no adequate remedy by appeal exists. In re
Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). 
Mandamus relief is also proper, however, if a trial court issues an order beyond its
jurisdiction. In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000). If
a relator shows that a trial court’s order is void, then mandamus relief is available
without a showing of an inadequate appellate remedy. Id. Here, the trial court’s final
judgment is void, thus mandamus relief is appropriate. 
 
 
                                                             Conclusion 
          We hold that the trial court’s final judgment of possession is void and
conditionally grant the petition for writ of mandamus. We order the trial court to
vacate its April 7, 2005 final judgment. The writ will issue only if the trial court fails
to vacate its judgment. All other pending motions are overruled as moot. 
 
 
                                                                        Jane Bland
                                                                        Justice

Panel consists of Justices Nuchia, Keyes, and Bland.