**Opinion issued February 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00155-CV

———————————

## AIMS ATM, LLC, Appellant

## V.

## SANIP ENTERPRISES, INC., Appellee

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-60777**

---

## MEMORANDUM OPINION

Appellant, AIMS ATM, LLC ("AIMS"), challenges the trial court's

judgment entered in favor of appellee, Sanip Enterprises, Inc., ("Sanip") on their

claims against each other for breach of contract. In three issues, AIMS contends

that the evidence is legally and factually insufficient to support the trial court's

judgment and the trial court erred in not enforcing the parties' contract and awarding damages to Sanip, rather than providing Sanip with a credit or offset from AIM's damages.

We affirm.

## Background

In 2008, AIMS and Sanip entered into a Merchant Processing Agreement (the "Agreement"), which obligated AIMS to process transactions and maintain Sanip's Automated Teller Machine ("ATM") at a convenience store located in Dallas, Texas. The Agreement required AIMS to pay Sanip a commission for each ATM transaction, "on or before the end of each calendar month following the calendar month in which the transactions occurred." AIMS's check to Sanip for payment for November 2009 ATM transactions, due by December 31, 2009, was returned for "insufficient funds," and AIMS did not provide a replacement check until January 5, 2010.

Several months later, Sanip contacted AIMS when Sanip did not receive payment for the March 2010 ATM transactions. Despite repeated promises from an AIMS representative that the check was "in the mail," Sanip did not receive payment. Consequently, in May 2010, Sanip's president, Nandi Bhattarai, spoke with Mohen Chan of AIMS about AIMS's default under the Agreement for nonpayment of the ATM transaction commissions. On May 10, 2010, Sanip sent

2

AIMS a forty-five day notice of breach and termination of the Agreement. Shortly thereafter, Sanip received the March 2010 commission payment with a check dated May 11, 2010.

Bhattarai testified that Sanip also never received a payment of $1,936 from AIMS for the ATM transactions occurring during the twenty-two days in July 2010 while the Agreement was still in force. Bhattarai further noted that, despite filling out the paperwork to receive it, AIMS did not provide a "W-9" tax form to Sanip to demonstrate that the income was received from the ATM transactions. And AIMS had not properly serviced the ATM the two times Sanip informed AIMS about maintenance problems.

AIMS sued Sanip for breach of the Agreement, and Sanip counter-claimed for breach of the Agreement. After a bench trial, the trial court entered judgment for Sanip, awarding it $1,936 in damages for breach of contract and $7,235 for attorneys' fees. It further ordered that AIMS take nothing on its breach-of-contract claim.

**Standard of Review**

After a bench trial, when no findings of fact and conclusions of law are filed, the trial court's judgment implies all necessary findings of fact to support it.[1]

---

[1] Although AIMS refers to a letter ruling by the trial court in which it stated that certain paragraphs of the Agreement were "unreasonable, unconscionable, and unenforceable," the letter is not included in the appellate record. Nor does the

3

*Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 904 (Tex. App.—Houston [1st Dist.] 1995, writ denied). When the implied findings of fact are supported by evidence, it is our duty to uphold judgment on any theory of law applicable to the case. *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987); *Weng Enters., v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 223 (Tex. App.—Houston [1st Dist.] 1992, no writ). Implied findings may be challenged by legal- and factual-sufficiency points. *Roberson*, 768 S.W.2d at 281; *Giangrosso v. Crosley*, 840 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1992, no writ).

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (holding that, in reviewing "no evidence" point, court views evidence in light that tends to support finding of disputed fact and

record reflect that AIMS requested post-judgment findings or conclusions, and the trial court did not file them. *See* TEX. R. CIV. P. 296–299a. In any event, such a letter ruling by the trial court does not constitute findings of facts or conclusions of law as contemplated by Texas Rules of Civil Procedure 296–299a. *See Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990) (stating that pre-judgment letter to the parties "was not competent evidence of the trial court's basis for judgment" and did not constitute findings of fact). Explanatory letters from the trial court preceding a judgment do not impact the standard or scope of our appellate review. *See Texas Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 375 S.W.3d 464, 482 n. 24 (Tex. App.—Austin 2012, pet. denied); *Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 25 (Tex. App.— Houston [1st Dist.] 1995, writ denied) (refusing to consider trial court's letter explaining reasons why judge would grant summary judgment).

disregards all evidence and inferences to contrary). In making this determination, we credit favorable evidence, if a reasonable factfinder could, and disregard contrary evidence, unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 827. So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the factfinder. *Id.* at 827–28. The factfinder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *See id.* at 819. Although we consider the evidence in the light most favorable to the challenged findings, indulging every reasonable inference that supports them, we may not disregard evidence that allows only one logical inference. *Id.* at 822. If there is more than a scintilla of evidence supporting a finding of fact, we will overrule a legal-sufficiency challenge. *CA Partners v. Spears*, 274 S.W.3d 51, 69 (Tex. App.—Houston [14th Dist.] 2008, pet. denied.).

In reviewing a challenge to the factual sufficiency of the evidence, we "must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Arias v. Brookstone, L.P.*, 265 S.W.3d 459, 468 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). The factfinder is the sole judge of witnesses' credibility; it may choose to believe one witness over another, and a reviewing court may not impose its own

opinion to the contrary. *City of Keller*, 168 S.W.3d at 819; *Arias*, 265 S.W.3d at 468. Because it is the factfinder's province to resolve conflicting evidence, we must assume that it resolved all conflicts in accordance with the verdict if reasonable persons could do so. *City of Keller*, 168 S.W.3d at 819; *Arias*, 265 S.W.3d at 468. When an appellant attacks the factual sufficiency of an adverse finding on an issue on which it did not have the burden of proof, the appellant must demonstrate that the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176.

### Enforcement of the Agreement

In its first issue, AIMS argues that the trial court erred in not enforcing the Agreement because when both parties asserted causes of action for breach of contract, "both parties conceded its validity and enforceability," and there is a "complete absence of any pleading or argument to support the judgment entered against [it]." AIMS also argues that because Texas public policy encourages "freedom of contract," there is "no justification for the trial court's failure to enforce the contract." Sanip asserts that it properly pleaded a cause of action for breach of contract and the affirmative defense of discharge of its obligations under the Agreement due to AIMS's material breach.

6

To prevail on a breach-of-contract claim, a plaintiff must prove: (1) the existence of a valid contract; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of contract; and (4) the plaintiff's damages as a result of the breach. *Prime Prods. Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

The record contains sufficient evidence that AIMS did not perform its obligation under the Agreement to pay the ATM commission fees to Sanip by the contractually-required due dates. First, AIMS's commission payment for November 2009 was returned for "insufficient funds" and not replaced until January 5, 2010. Second, AIMS did not make the commission payment due by the last day of April 2010 to Sanip for the March 2010 ATM transactions until May 11, 2010, after Sanip had already provided written notice of breach and termination of the Agreement. Finally, AIMS never made the commission payment for the July 2010 ATM transactions in the amount of $1,936. "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied). When one party commits a material breach of contract, the other party is discharged or excused from further performance. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). The materiality of a breach—the question of whether a party's breach

7

of a contract will render the contract unenforceable—generally presents a dispute for resolution by the trier of fact. *See Cont'l Dredging, Inc. v. De–Kaizered, Inc.*, 120 S.W.3d 380, 394–95 (Tex. App.—Texarkana 2003, pet. denied) (citing *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1983)). The evidence presented at trial established that AIMS's breach was material and Sanip was discharged from its duties under the Agreement based on that breach, including the liquidated-damages provision.

We overrule AIMS's first issue.

### Legal and Factual Sufficiency of the Evidence

In its second issue, AIMS argues that the evidence is legally and factually insufficient to support the trial court's judgment, which "fails to award [it] liquidated damages" against Sanip, because AIMS provided the "only evidence proffered for the trial court's consideration" with respect to its claim for economic damages and "no evidence was submitted to the trial court to contradict such facts or support any judgment failing to enforce all the provisions" of the Agreement.

The trial court granted judgment for Sanip on its breach-of-contract claim against AIMS and against AIMS on its breach-of-contract claim against Sanip. The evidence supports an implied finding that AIMS materially breached the Agreement with Sanip by failing to make the ATM commission payments by the contractually-required due dates for November 2009 and March 2010. The

8

evidence also supports an implied finding that AIMS failed to make the ATM commission payment of $1,936 due to Sanip for the July 2010 ATM transactions. The evidence further shows that Sanip incurred attorneys' fees in the amount of $7,235, and the Agreement provided that the non-prevailing party in any suit to enforce or interpret the Agreement pay "costs and expenses," including attorneys' fees. Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's implied findings that AIMS breached the Agreement, Sanip sustained damages in the amount of $1,936 for unpaid ATM commissions, and Sanip incurred attorneys' fees in the amount of $7,235.

We overrule AIMS's second issue.

### Credit or Offset

In its third issue, AIMS argues that the trial court erred in awarding damages and attorneys' fees to Sanip "rather than providing [Sanip] with a credit and/or offset to the damages sustained by [AIMS]" because Sanip's "claim for damages under the [Agreement] under which [AIMS's] claim for damages is based constitutes a defense of offset" and the award of damages "only entitles [Sanip] to offset any recovery by [AIMS]."

As discussed above, Sanip filed a counter-claim for breach of contract against AIMS and affirmatively pleaded for damages for the unpaid ATM commission fees and for attorneys' fees. The pleadings support the trial court's

9

implied finding that AIMS materially breached the Agreement, discharging Sanip from future performance under the Agreement. Having also concluded that the evidence is legally and factually sufficient to support the trial court's implied findings, there is no basis for an offset.

We overrule AIMS's third issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.