**LESLIE WM. ADAMS & ASSOCIATES,**
Appellant

v.

**AMOCO FEDERAL CREDIT UNION and Terence Martinez, Appellees**

NO. 01-15-00879-CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued September 7, 2017

Leslie Wm. Adams, Lingling E. Dai, LESLIE WM. ADAMS & ASSOCIATES, 3700 Buffalo Speedway, Suite 420, Houston, TX 77098, for Appellant.

Thomas Cain, MABRY, HERBECK & ROBERTS, P.O. Box 1797, 711 Sixth Street North, Texas City, Texas 77592-1797, for Appellees.

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.

## OPINION

Michael Massengale, Justice

This is an appeal from an order for disbursement of garnished funds. Judg-

ment creditor and appellant Leslie Wm. Adams & Associates obtained a post-judgment writ of garnishment against appellee AMOCO Federal Credit Union, based on an underlying judgment against judgment debtor and appellee Terence Martinez. Martinez moved to dissolve the writ on the basis that the funds in his accounts were exempt from garnishment. After a bench trial in which some funds were determined to be exempt from garnishment, the court issued a final judgment dissolving the writ and ordering AMOCO to disburse a portion of Martinez's funds to satisfy the underlying judgment. Following the garnishment proceedings and prior to execution on the judgment in garnishment, Martinez filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

Because a judgment in garnishment is not self-executing and the underlying judgment against Martinez was discharged in bankruptcy, we dismiss Adams & Associates's appellate challenges to the extent they implicate the firm's efforts to collect money from Martinez. In all other respects, we affirm the trial court's judgment.

## Background

Appellee Terence Martinez is a U.S. Army veteran who receives outpatient mental-health treatment for a long history of depression, caused in part by chronic pain. He is unemployed and receives various disability payments, as well as benefits from the Department of Veterans Affairs. Martinez regularly deposited these funds into his account with appellee AMOCO Federal Credit Union.

After Hurricane Ike, Martinez filed a lawsuit which was settled by payments from the Texas Windstorm Insurance As-

sociation. Martinez subsequently alleged various claims against a construction company for inferior repairs. For these legal claims, he was represented by appellant Leslie Wm. Adams & Associates, a professional limited liability company. Adams & Associates later sued Martinez to recover legal fees, and it obtained a final judgment against him for $41,235.20 in actual damages and $2,858.50 in attorney's fees.

Adams & Associates then filed for a writ of garnishment against AMOCO Federal Credit Union, alleging that it was indebted to Martinez.[1] The trial court issued a writ against AMOCO. In its original answer to the writ,[2] AMOCO affirmed that it was indebted to Martinez in the amount of $108,601.56 because he had two accounts at the credit union.

Martinez filed several motions to dissolve the writ of garnishment, alleging that all of the money in his AMOCO accounts was exempt from garnishment. Eventually, AMOCO filed an amended answer to the writ of garnishment in which it stated that it had "maintained its hold" on the accounts "in the amount of $46,741.81," but it allowed Martinez to have access to the excess balance of $60,699.00, which was withdrawn by him.

The trial court held a bench trial to determine the amount of exempt and non-exempt funds remaining in the AMOCO accounts. Adams & Associates presented a forensic accountant to testify about the money in the accounts at the time the writ of garnishment was served on AMOCO. She testified that all but $2,119 of the original $108,601.56 was nonexempt funds subject to garnishment.

Martinez also testified at the trial. He asserted that the money in the credit un-

---

1. *See* Tex. R. Civ. P. 658.

2. *See* Tex. R. Civ. P. 665.

ion accounts came from several sources, including VA benefits, disability benefits, and insurance settlement proceeds.

The trial court determined that of the $46,741.81 remaining on deposit with AMOCO, $15,328 constituted nonexempt funds. The court issued a judgment ordering AMOCO to pay Adams & Associates $12,869.64 out Martinez's funds. The remainder of the balance of nonexempt funds was awarded to AMOCO for attorney's fees.

Adams & Associates appealed.

### Analysis

Adams & Associates raised four issues challenging the trial court's order for disbursement of garnished funds and AMOCO's release of garnished funds without a court order.

## I. Procedure for garnishment appeal

Despite being a party to the garnishment proceeding with a personal interest in its outcome, Martinez was not provided notice of all filings during the initial stages of this appeal consistent with his status as a party. In its docketing statement,[3] Adams & Associates failed to identify Martinez as an appellee.[4]

A garnishment proceeding necessarily involves *three parties*: a creditor, a debtor, and a third person who has some obligation to the debtor.[5] "Garnishment is a creditor's action against his debtor's debtor to obtain payment of what is owed the creditor."[6] Accordingly, the deficient docketing statement filed in this court was struck, and Adams & Associates was ordered to file a new docketing statement including Martinez as an appellee. The clerk of the court provided Martinez with a complete copy of the appellate record, and deadlines were extended to permit him to file a brief, which he did not do.

## II. Effect of bankruptcy discharge

AMOCO filed a suggestion of Martinez's bankruptcy, attaching a discharge order and an order closing his bankruptcy case.[7] In response, Adams & Associates filed a motion to sever its claims against Martinez from those against AMOCO, thereby seeking to maintain its appeal of the trial court's garnishment judgment with respect to AMOCO. We denied the motion to sever the claim against AMOCO into its own appeal separate from the disposition of any claim against Martinez. We also declined to abate the appeal in response to the suggestion of bankruptcy, so that we could address the issue raised about the continuing viability of Adams & Associates's claim against AMOCO.

AMOCO argues that Martinez's discharge in bankruptcy voided the underlying judgment in favor of Adams & Associates. As a result, AMOCO contends that the judgment in garnishment is no longer based upon a "valid and subsisting judgment."[8] Further, it argues that the discharge in bankruptcy enjoins Adams & Associates from continuing this garnish-

---

3. *See* Tex. R. App. P. 32.1(e) (requiring an appellant to file in the appellate court, promptly upon filing the notice of appeal in a civil case, a docketing statement that includes, among other things, "the names of all other parties to the trial court's judgment or the order appealed from").

4. *See* Tex. R. App. P. 3.1(c) (defining "appellee" as "a party adverse to an appellant").

5. *Orange Cty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991).

6. *Id.*

7. *See In re Martinez*, No. 16-80294 (S.D. Tex. Bankr. Dec. 6, 2016) (order of bankruptcy discharge pursuant to 11 U.S.C. § 727).

8. Tex. Civ. Prac. & Rem. Code § 63.001(3).

ment action to collect on the underlying debt.

The procedural posture of this appeal is similar to *Baytown State Bank v. Nimmons*.[9] In that case, a bank filed a bill of review seeking to set aside a garnishment judgment against a Chapter 7 debtor's bank deposits. A judgment had been entered against the debtor, and the creditor subsequently had filed an application for a writ of garnishment naming the bank as garnishee. The bank answered and admitted it was indebted to the debtor, and a judgment was entered allowing the creditor to recover the amount of the judgment from the bank. Two weeks after the judgment was signed, the debtor filed for Chapter 7 bankruptcy. The bank filed a petition for bill of review and sought an injunction to enjoin the creditor from enforcing the judgment. The trial court denied the bill of review and request for injunction.[10]

On appeal, the bank argued that the debtor's bankruptcy filing deprived the trial court of jurisdiction to enforce the judgment in garnishment, and that it automatically stayed the creditor's attempts to enforce the judgment. This court observed that a bankruptcy filing stays enforcement of any judgment against the debtor or the debtor's property and deprives state courts of jurisdiction until the stay is lifted.[11]

Summarizing Texas law on garnishment proceedings, the court explained that the "only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer."[12] "Funds placed with a bank become general deposits which create a debtor-creditor relationship between the bank and the depositor."[13] With respect to the effect a bankruptcy filing has on a pending writ of garnishment or other judicial proceeding the court noted:

> When an action is for garnishment of funds to satisfy a prior judgment against a debtor, the action is considered to be "against the debtor" and is stayed by bankruptcy proceedings of the debtor. As a garnishee, the bank in effect holds the debtor's property as an officer or receiver for the court. Service of the writ of garnishment creates a lien on the judgment debtor's property, impounding the funds in the hands of the garnishee bank.[14]

The creditor, relying upon a Colorado bankruptcy court opinion, argued that "under Colorado law, the garnishment is final and conclusive at the moment the order is entered; once the court orders disbursement to the judgment creditor, the debtor's ownership rights in the property terminate."[15] The court rejected this argument by distinguishing the Colorado and Texas statutes and finding that a judgment in garnishment in Texas, like any other judgment, is not self-executing.[16] The court stated:

> In general, judgments "shall be enforced by execution or other appropriate pro-

---

9. 904 S.W.2d 902 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

10. *Id.* at 904.

11. *Id.* at 905 (citing 11 U.S.C. § 362(a)(2)).

12. *Id.*

13. *Id.* at 905–06 (citing *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992)).

14. *Id.* at 906 (internal citations omitted).

15. *Id.*

16. *Id.* at 906–07.

cess." TEX. R. CIV. P. 621. The Texas Rules of Civil Procedure provide that in garnishment actions "execution shall issue thereon in the same manner and under the same conditions as is or may be provided for the issuance of execution in other cases." TEX. R. CIV. P. 668. The rule governing execution expressly provides that execution shall issue "after the expiration of thirty (30) days from the time a final judgment is signed," or if a motion for new trial is timely filed, then thirty days after the motion is overruled by signed order or by operation of law. In other words, the execution may issue after the judgment becomes final. TEX. R. CIV. P. 627. The Colorado rules contain no similar provision. In Texas, ownership of property subject to a judgment does not transfer until a writ of execution is issued and levied. TEX. R. CIV. P. 622, 629, 637–43.[17] The court ultimately held that the debtor's Chapter 7 bankruptcy filing deprived the trial court of jurisdiction to enforce the judgment in garnishment and automatically stayed the creditors' right to enforce it.[18] Further, because it was uncontested that the debtor received a discharge in bankruptcy, and pursuant to 11 U.S.C. § 524(a) a discharge voids any judgment as a personal liability of the debtor and operates as an injunction against the continuation of an action or employment of process to recover any such debt, the court

enjoined the creditor from executing on the bank's assets to satisfy the judgment in garnishment.[19]

In this case, the trial court issued a judgment in garnishment. Before execution on the garnishment judgment, Martinez filed for Chapter 7 bankruptcy and received a discharge. The discharge voided any judgment as a personal liability of Martinez and now operates as an injunction against the continuation of an action or employment of process to recover any such debt against him.[20]

■ Adams & Associates sought a writ of garnishment contending that it had a valid, subsisting judgment against Martinez.[21] A judgment in garnishment cannot stand when the underlying judgment has been set aside.[22] A judgment that is nonexistent will not support a garnishment judgment.[23]

■ We conclude that Martinez's discharge in bankruptcy precludes any further actions taken to enforce its judgment in garnishment against AMOCO.[24] The trial court's judgment in garnishment is no longer valid because the discharge in bankruptcy had the effect of setting aside the underlying judgment against Martinez in favor of Adams & Associates.[25] Accordingly, we dismiss as moot Adams & Associates's first, second, and third issues alleging various errors relating to its continuing

17. *Id.*

18. *Id.* at 907.

19. *Id.* at 907 & n.5.

20. *See id.* at 907 n.5.

21. *See* TEX. CIV. PRAC. & REM. CODE § 63.001(3); *see also Thompson v. Harco Nat'l Ins. Co.,* 997 S.W.2d 607, 612 (Tex. App.—Dallas 1998, pet. denied).

22. *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.,* 821 S.W.2d 283, 287 (Tex. App.—Houston [1st Dist.] 1991, writ de-

nied); *Tom Benson Chevrolet Co., Inc. v. Beall,* 567 S.W.2d 857, 859 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.).

23. *Owen Elec. Supply,* 821 S.W.2d at 287; *Tom Benson Chevrolet,* 567 S.W.2d at 859.

24. *See Baytown State Bank,* 904 S.W.2d at 907; 11 U.S.C. § 524(a).

25. *Owen Elec. Supply,* 821 S.W.2d at 287; *Tom Benson Chevrolet,* 567 S.W.2d at 859.

efforts to garnish funds as a means of collecting on the original judgment against Martinez, which has been discharged in bankruptcy.[26]

## III. Release of funds without court order

■ In its final issue, Adams & Associates argues that "the court's order incorrectly withholding nonexempt funds" created a new issue because AMOCO became liable for improperly releasing funds without a court order. In its motion to sever its appeal as against AMOCO, Adams & Associates explained that even though it is precluded from maintaining its garnishment action against Martinez because of his discharge in bankruptcy, the credit union remains liable for "distribution of funds without a court order." As a result, Adams & Associates contends that we should reverse the judgment in garnishment and remand the case to the trial court for a determination of AMOCO's liability for improperly releasing funds without a court order.

■ This claim is newly asserted on appeal. Adams & Associates never pleaded

a claim against AMOCO for the wrongful disbursement of funds subject to the writ of garnishment. The evidentiary hearing held in the trial court concerned Martinez's motion to dissolve the writ of garnishment and resolving a dispute over what amount of Martinez's funds on deposit with AMOCO were exempt from garnishment. An AMOCO representative testified and acknowledged that the credit union had made a decision about "how much to withhold," and that a sum of money was "disbursed to Mr. Martinez," though that was not "a reflection of any judgment on behalf of the credit union that these funds were exempt funds." Prior to the trial court's ruling, Adams & Associates never suggested, in written filings with the court or during the hearing, that AMOCO acted improperly by disbursing funds to Martinez or that it should have any kind of recourse against AMOCO.[27] Even to the extent such a claim was suggested in a motion for reconsideration filed by Adams & Associates, the firm never amended its pleadings to assert a claim against AMOCO.[28]

26. In its first three issues, Adams & Associates argues that the trial court erred by dissolving the writ of garnishment, by finding that a portion of the funds in Martinez's accounts were exempt from garnishment, and by ordering AMOCO to disburse funds from the accounts in an amount insufficient to satisfy the underlying judgment.

27. Funds placed with a bank become general deposits which create a debtor-creditor relationship between the bank and the depositor. *Bank One*, 824 S.W.2d at 558; *Baytown State Bank*, 904 S.W.2d at 905–06. In accordance with Civil Practice and Remedies Code § 63.003, the writ of garnishment issued against AMOCO stated: "You are ... commanded not to pay" to Martinez "any debt or to deliver to him any effects pending further order of this court." *See* TEX. R. CIV. P. 661. On service of the writ, assets of the judgment debtor in the possession of the garnishee are brought "within the control

of the court." *See Tex. Commerce Bank–New Braunfels, Nat'l Ass'n v. Townsend*, 786 S.W.2d 53, 55 (Tex. App.—Austin 1990, writ denied). The garnishee acts as a receiver of funds subject to the writ. *See Intercontinental Terminals, Co. v. Hollywood Marine*, 630 S.W.2d 861, 863 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). A garnishee who releases assets in violation of a freeze on funds captured by a writ "acts at his peril." *Indus. Indem. Co. v. Tex. Am. Bank–Riverside*, 784 S.W.2d 114, 122 (Tex. App.—Fort Worth 1990, no writ).

28. *Cf. Amegy Bank Nat. Ass'n v. S. Crushed Concrete, Inc.*, No. 01-07-00359-CV, 2009 WL 943758, at *2 (Tex. App.—Houston [1st Dist.] Apr. 9, 2009, pet. denied) (mem. op.) (after garnishee disbursed funds in violation of a writ of garnishment, garnishor filed "traverse" arguing that garnishee "had violated specific requirements of the writ, in-

The appellate record indicates that the only claim Adams & Associates asserted in the trial court was for garnishment of Martinez's assets held by AMOCO. Adams & Associates never asserted any claims against AMOCO, independent of the writ of garnishment, seeking to hold the credit union liable for improperly disbursing funds in violation of the writ. To the extent that a claim could have been asserted against AMOCO for improperly releasing funds in violation of the writ, it has not been properly raised in this appeal because it was not preserved in the trial court.[29] We thus overrule Adams & Associates's final issue.

## Conclusion

We dismiss Adams & Associates's first three appellate issues as moot. In all other respects, we affirm the trial court's judgment.

cluding not respecting the resulting freeze of assets and funds subject to the writ").

**29.** *See* Tex. R. App. P. 33.1 (as "a prerequisite to presenting a complaint for appellate re-

view, the record must show that" the "complaint was made to the trial court by a timely request, objection, or motion").