**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00574-CV

————————————

**LESLIE WM. ADAMS & ASSOCIATES, Appellant**

**V.**

**AMOCO FEDERAL CREDIT UNION, Appellee**

---

**On Appeal from Civil County Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1100326**

---

## MEMORANDUM OPINION

Appellant Leslie Wm. Adams & Associates appeals the trial court's order granting summary judgment in favor of appellee AMOCO Federal Credit Union on Adams & Associates's claims arising from an underlying garnishment proceeding. Adams & Associates contends that (1) the trial court's order is not a  final judgment,

and (2) the trial court erred in granting summary judgment because its claims are not barred by (a) the debtor's discharge in bankruptcy, (b) res judicata, or (c) the applicable statute of limitations. We affirm.

## Background

In 2014, Adams & Associates sued a former client, Terence Martinez, to recover legal fees and obtained a judgment against him for $41,235.20 in damages and $2,858.50 in attorney's fees. On July 2, 2014, Adams & Associates filed an application for writ of garnishment to reach funds that Martinez had in his AMOCO accounts.[1] The trial court granted the application and issued a writ of garnishment.

On August 14, 2014, AMOCO, as garnishee, filed its original answer stating that Martinez had $108,601.56 in two AMOCO accounts. Martinez thereafter filed several motions to dissolve the writ of garnishment, alleging that all of the funds in his AMOCO accounts were exempt from garnishment because they came from Department of Veterans Affairs benefits, disability benefits, and insurance settlement proceeds. On January 15, 2015, AMOCO filed an amended answer to the writ of garnishment, stating that it "had maintained its hold" on the accounts "in the

---

[1] The underlying proceeding is *Leslie Wm. Adams & Associates v. Terence Martinez*, Cause No. 1026220-801, in the County Civil Court at Law No. Four (4), Harris County, Texas.

2

amount of $46,741.81," but that it had allowed Martinez to have access to the excess balance of $60,699.00, which was withdrawn by him.

On October 12, 2015, the trial court held a bench trial to determine the amount of exempt and non-exempt funds remaining in the AMOCO accounts. That same day, the trial court entered an order for disbursement of garnished funds and release ("garnishment judgment"), in which it determined that of the $46,741.81 remaining on deposit with AMOCO, $15,328.00 constituted nonexempt funds. The court also ordered AMOCO to pay Adams & Associates $12,869.64 out of Martinez's funds. The remainder of the balance of the nonexempt funds was awarded to AMOCO for attorney's fees. Adams & Associates appealed.

While the garnishment judgment was on appeal before this Court, and before AMOCO released any funds to Adams & Associates, Martinez filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. On December 6, 2016, the bankruptcy court entered a discharge order.

On September 7, 2017, this Court issued an opinion holding that the bankruptcy court's order of discharge, which set aside the underlying judgment against Martinez in favor of Adams & Associates, voided the garnishment judgment. *Leslie Wm. Adams & Assocs. v. AMOCO Fed. Credit Union*, 537 S.W.3d 571 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The Court also concluded that "[t]o the extent that a claim could have been asserted against AMOCO for improperly

3

releasing funds in violation of the writ, it has not been properly raised in this appeal because it was not preserved in the trial court." *Id.* at 578.

On October 23, 2017, Adams & Associates filed the underlying suit against AMOCO, alleging that it had violated the writ of garnishment and Texas Civil Practice and Remedies Code section 63.003, and additionally sought declaratory relief. Adams & Associates alleged that it had been damaged by AMOCO's wrongful disbursement of funds to Martinez and sought to recover the amount of $60,699.00 disbursed in violation of the writ. On December 1, 2017, AMOCO filed its answer.

On April 30, 2018, AMOCO filed a traditional motion for summary judgment arguing that it was entitled to judgment as a matter of law because (1) Adams & Associates's claims were barred by the two-year statute of limitations applicable to conversion claims and res judicata, and (2) Adams & Associates sustained no damages caused by AMOCO's alleged wrongful release of funds. The next day, AMOCO filed an amended answer asserting the affirmative defenses of limitations, laches, waiver, and estoppel.

On May 17, 2018, Adams & Associates filed a first amended petition asserting additional claims of fraud, fraud by non-disclosure, and aiding and abetting fraud. On May 18, 2018, it filed a summary judgment response arguing that (1) its claims were not barred by the statute of limitations for conversion because it did not assert

4

such a cause of action; (2) AMOCO did not raise res judicata prior to filing its motion and therefore waived the defense, and res judicata did not bar its claims; and (3) AMOCO waived the affirmative defense of discharge in bankruptcy because it failed to raise the defense in its pleadings and its claims are not barred. On May 25, 2018, AMOCO filed its summary judgment reply.

On May 29, 2018, the trial court granted AMOCO's motion for summary judgment. This appeal followed.

### Standard of Review

We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment motion, we must (1) take as true all evidence favorable to the nonmovant and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any one of the grounds is meritorious. *Beverick v. Koch Power, Inc.,* 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant

5

judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

**Effect of Bankruptcy Discharge**

In its second issue, Adams & Associates contends that the trial court erred in granting summary judgment because its claims are not barred by the bankruptcy discharge.

AMOCO argued that it was entitled to summary judgment because Adams & Associates failed to establish the causation and damages elements of its claims, i.e., that it suffered any damages as a result of AMOCO's allegedly wrongful release of funds to Martinez. In its summary judgment response, Adams & Associates asserted that AMOCO did not plead the affirmative defense of discharge in bankruptcy prior to filing its motion and, therefore, waived it. It further argued that Martinez's bankruptcy discharge had no effect on its claims because AMOCO's liability arises from its violation of the writ of garnishment and Civil Practice and Remedies Code section 63.003.

6

Initially, we consider whether AMOCO was required to plead the affirmative defense of discharge in bankruptcy. *See* TEX. R. CIV. P. 94 (listing discharge in bankruptcy as affirmative defense that must be pleaded). The affirmative defense of discharge establishes a prima facie defense to any claim brought against the debtor for a pre-petition debt. *Strata Res. v. State*, 264 S.W.3d 832, 843 (Tex. App.— Austin 2008, no pet.) (citing *In re Haga*, 131 B.R. 320, 327 (Bankr. W.D. Tex. 1991)). In this case, Adams & Associates alleges claims against AMOCO, not Martinez. AMOCO was therefore not required to plead the defense of discharge in bankruptcy.

Adams & Associates argues that its claims are not barred by Martinez's bankruptcy discharge because AMOCO's liability arises from its failure to comply with the writ of garnishment and Civil Practice and Remedies Code section 63.003, not from Martinez's debt to Adams & Associates.

"Garnishment is a statutory proceeding whereby the property, money, or credits of one person in the possession of, or owing by another are applied to the payment of the debt of a debtor by means of proper statutory process issued against the debtor and the garnishee." *Orange Cnty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991) (quoting *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (1937)). To obtain property through the garnishment statute, there must be a "valid, subsisting judgment" in

7

favor of Adams & Associates and against Martinez. *See* TEX. CIV. PRAC. & REM. CODE § 63.001(3).

Section 63.003, entitled "Effect of Service," provides:

(a) After service of a writ of garnishment, the garnishee may not deliver any effects or pay any debt to the defendant. If the garnishee is a corporation or joint-stock company, the garnishee may not permit or recognize a sale or transfer of shares or an interest alleged to be owned by the defendant.

(b) A payment, delivery, sale, or transfer made in violation of Subsection (a) is void as to the amount of the debt, effects, shares, or interest necessary to satisfy the plaintiff's demand.

TEX. CIV. PRAC. & REM. CODE § 63.003. Adams & Associates contends that because AMOCO's release of funds to Martinez violated subsection (a), it is liable for the amount "necessary to satisfy the plaintiff's demand" under subsection (b).

AMOCO argues, as it did in the trial court below, that whether Adams & Associates presented a claim for conversion, fraud, or a statutory violation, it failed to demonstrate that AMOCO's allegedly wrongful release of funds to Martinez caused it injury. AMOCO contends that both the underlying judgment against Martinez and, therefore, the garnishment judgment were discharged in bankruptcy and there was no longer a "valid, subsisting judgment" against Martinez. *See Adams & Assocs.*, 537 S.W.3d at 576. "A judgment in garnishment cannot stand when the underlying judgment has been set aside." *Id.* Without a valid subsisting judgment, Adams & Associates could not have collected any funds from Martinez, and there

8

was no such judgment. Even if AMOCO had not released any funds to Martinez, Adams & Associates would still not be able to reach those funds. Adams & Associates failed to demonstrate that it suffered damages as a result of AMOCO's allegedly wrongful release of funds. Adams & Associates's attempt to create a theory of liability independent of the underlying debt is unavailing. The trial court properly granted summary judgment in favor of AMOCO on Adams & Associates's claims. We overrule Adams & Associates's second issue.

## Finality of Trial Court's Judgment

In its first issue, Adams & Associates contends that the trial court's order was not a final judgment or is erroneous because it did not address the claims in its first amended petition.

With few exceptions, a party may appeal only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Under *Lehmann*, a judgment issued without a conventional trial is final for purposes of appeal if it either (1) actually disposes of every pending claim and party, or (2) states with unmistakable clarity that it is a final judgment. *Id.* at 205. The Texas Supreme Court stated that the determination of whether of a judgment is final does not depend on whether the judgment contains the words "final" or "appealable" but, rather, whether it dismisses all claims against all parties. *Id.* at 205–06; *see also In re Harris Cnty. Hosp. Dist. Aux., Inc.*, 127 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2003,

9

orig. proceeding) (holding summary judgment order indicated finality where it ordered plaintiff's cause of action "hereby dismissed with prejudice and that Plaintiff take nothing by her suit"); *Lopez v. Yates*, No. 14–01–00649–CV, 2002 WL 31599472, at *2 (Tex. App.—Houston [14th Dist.] Nov. 21, 2002, no pet.) (mem. op., not designated for publication) (holding trial court's summary judgment order final and appealable where "the trial court granted summary judgment as to all claims between the only existing parties").

Here, the trial court's summary judgment order states:

> On this day the Court considered the traditional Motion for Summary Judgment ("Motion") filed by Defendant AMOCO Federal Credit Union. After considering the Motion, Plaintiff's response, if any, Defendant's Reply, and applicable law, the Court grants the Motion.
>
> It is therefore ORDERED that the Motion is GRANTED.
>
> It is further ORDERED that Plaintiff Leslie WM. Adams & Associates shall take nothing by its claims asserted, or that could have been asserted, against Defendant in this action.
>
> This is a final judgment that disposes of all parties and all claims, and is appealable.

The summary judgment order in this case dismissed all claims against all parties in the case. This case involves only one plaintiff and one defendant. Adams & Associates were the only parties to the lawsuit, and the summary judgment order explicitly disposed of all the claims between them. *See Lehmann*, 39 S.W.3d at 205–06. The trial court's May 29, 2018 order was a final judgment.

10

Adams & Associates also argues that the trial court's order is erroneous because it did not address the claims raised in its first amended petition.

In its original petition, Adams & Associates alleged that AMOCO violated the writ of garnishment and Texas Civil Practice and Remedies Code section 63.003 when it wrongfully disbursed funds to Martinez, and it sought declaratory relief. In its summary judgment motion, AMOCO argued that (1) Adams & Associates's claims were barred by the statute of limitations and res judicata, and (2) Adams & Associates sustained no damages caused by AMOCO's actions because the bankruptcy discharge prevented collection of any funds from Martinez's accounts even if AMOCO had not released the funds. In its subsequently filed amended petition, Adams & Associates asserted claims of fraud, fraud by non-disclosure, and aiding and abetting fraud.[2] For each of its claims, Adams & Associates sought to recover as damages "the nonexempt funds of $60,699 disbursed" to Martinez in violation of the writ.

---

[2] It is unclear whether Texas law recognizes a cause of action for aiding and abetting fraud. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) ("We begin by noting that this Court has not expressly decided whether Texas recognizes a cause of action for aiding and abetting."); *see also Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 930 (Tex. 2010) ("Because of our disposition, we do not consider whether Texas law recognizes a cause of action for 'aiding and abetting' fraud separate and apart from a conspiracy claim.").

As discussed above, the discharge in bankruptcy had the effect of setting aside the underlying judgment against Martinez and the garnishment judgment. *See Adams & Assocs.*, 537 S.W.3d at 576. Without a valid subsisting judgment, Adams & Associates could not have collected any funds from Martinez, regardless of whether AMOCO had released any funds to him. Because Adams & Associates has not shown that it suffered damages as a result of AMOCO's allegedly wrongful release, the trial court properly granted summary judgment in favor of AMOCO. We overrule its first issue.

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.