**Affirmed in Part, Reversed and Rendered in Part, and Memorandum Opinion filed January 30, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00640-CV

---

## ASCENTIUM CAPITAL LLC, Appellant

## V.

## JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2019-53498-A**

---

## M E M O R A N D U M   O P I N I O N

Appellant Ascentium Capital LLC (Ascentium) previously obtained a final judgment against Maranatha Physical Medicine & Rehabilitation PLLC (Maranatha) and Lisa Barrett (Barrett). Ascentium filed an application for writ of garnishment and served JPMorgan Chase Bank, National Association (Chase Bank), Maranatha, and Barrett. The trial court rendered judgment in favor of Ascentium. But, the trial court ordered that Ascentium recover $9,993.72 from Barrett, rather than the sum of

$48,562.61 held by Chase Bank. Ascentium now appeals the trial court's judgment in the writ of garnishment proceeding, arguing that the trial court impermissibly reduced its recovery from Barrett by $37,818.89. We affirm the portion of the judgment awarding Chase Bank $750 for costs of the proceeding but reverse the portion of the judgment awarding Ascentium $9,993.72 and render judgment in favor of Ascentium for the amount of $47,812.61.

## *Background*

In February 2020, Ascentium obtained a judgment against Maranatha and Barrett for actual damages in the amount of $65,000, attorney's fees in the amount of $5,060, pre-judgment interest in the amount of $6,121.55, and court costs in the amount of $555. Interest accrued on these amounts at the rate of 18% per annum from the date of judgment until all amounts were paid in full. Ascentium was also awarded $650 for obtaining a writ of garnishment. A sum of $21,993.72 was applied against the judgment, but the remainder of the judgment remained unsatisfied.

As discussed, Ascentium filed an application for writ of garnishment. The application was served on Chase Bank, as the garnishee in possession of funds belonging to Maranatha and Barrett, as well as on Maranatha and Barrett themselves. Chase Bank answered the writ acknowledging that it was indebted to Barrett for the amount of $48,562.61 but denied that it was indebted to Maranatha. Subsequently, Ascentium submitted a proposed judgment signed by both Ascentium and Chase Bank entitled "Agreed Judgment." The proposed judgment allocated $47,812.61 to Ascentium and $750 to Chase Bank. Ultimately, the trial court rendered judgment in the garnishment action and signed the proposed judgment submitted by Ascentium. However, the trial court modified Ascentium's recovery from Chase Bank from $47,812.61 to $9,993.72. Ascentium filed a motion to correct the judgment, arguing that the correct judgment amount was $47,812.61. This motion

was overruled by operation of law, and this appeal followed.

## *Discussion*

Ascentium's complaint on appeal is not a model for clarity, but it generally complains that the trial court impermissibly offset the total amount of recovery owed to Ascentium by $37,818.29.[1] Because Chase Bank is indebted to Barrett for $48,562.61, Ascentium is entitled to the amount of the indebtedness, as opposed to the $9,993.72 awarded by the trial court. *See* Tex. R. Civ. P. 668.

In Texas, garnishment proceedings are governed by Chapter 63 of the Civil Practice and Remedies Code and Rules 657 through 679 of the Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code §§ 63.001–.008; Tex. R. Civ. P. 657–79; *see also In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (noting that the Rules of Civil Procedure have the same force and effect as statutes). "Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992); *see generally* Tex. R. Civ. P. 657–679; Tex. Civ. Prac. & Rem. Code §§ 63.001–.008.

A garnishment proceeding involves at least three parties: (1) the plaintiff (also known as the garnishor); (2) the defendant or debtor; and (3) the garnishee. *Nat'l City Bank v. Tex. Cap. Bank, N.A.*, 353 S.W.3d 581, 584 (Tex. App.—Dallas 2011, no pet.); *see also Leslie Wm. Adams & Assocs. v. AMOCO Fed. Credit Union*, 537 S.W.3d 571, 574 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Orange Cty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991)). The plaintiff or garnishor is a creditor

---

[1] As discussed, Ascentium filed a motion to correct the judgment. When the trial court did not rule on this motion, Ascentium requested an emergency hearing. The trial court denied the hearing request, and the court's docket entry sheet stated, "The Court rightly offset the total balance so PL would not be paid twice."

of the debtor and requests the court to issue a writ of garnishment to the garnishee. *Nat'l City Bank*, 353 S.W.3d at 584. The garnishee is a third party who owes a debt to or holds property of the debtor. *Id.*

When a plaintiff has obtained a "valid, subsisting judgment" against a defendant in a lawsuit, it may file an application with the trial court, accompanied by affidavits stating the relevant facts, requesting that the court issue a writ of garnishment to the garnishee who is allegedly in possession of the defendant-debtor's property. *Nat'l City Bank*, 353 S.W.3d at 584–85; *see generally* Tex. R. Civ. P. 658; Tex. Civ. Prac. & Rem. Code § 63.001(3). Upon receiving the writ of garnishment, the garnishee must file an answer with the trial court, under oath, in writing and signed, indicating whether it is in debt to the defendant-debtor. Tex. R. Civ. P. 665, 666, 668. If the answer is not controverted, the garnishee is then discharged from further liability, and is entitled to recover the costs of the proceeding, including a reasonable compensation to be paid by the defendant-debtor. Tex. R. Civ. P. 667. If the trial court finds that the garnishee has funds or other property belonging to the debtor, the court shall "render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee, . . . together with interest and costs." Tex. R. Civ. P. 668.

"The only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer." *Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied). It was Ascentium's burden to prove that Chase Bank had in its possession funds belonging to Barrett or Maranatha. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 112 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

4

As required by the garnishment procedure, Ascentium filed an application with the trial court, accompanied by an affidavit, requesting that the court issue a writ of garnishment to Chase Bank, who was allegedly in possession of property belonging to Maranatha and Barrett. *See Nat'l City Bank*, 353 S.W.3d at 584–85. Ascentium represented that it had a valid, subsisting judgment against Maranatha and Barrett for the amount of $76,736.55, not including post-judgment interest. Even though Ascentium collected a total of $21,993.72, over $50,000 remained outstanding on the judgment. Upon receiving the writ of garnishment, Chase Bank answered that it was indebted to Barrett for the amount of $48,562.61, an amount less than the outstanding judgment. *See* Tex. R. Civ. P. 665, 666, 668. None of the parties involved contested the garnishment or otherwise raised a dispute regarding the title or ownership of the garnished property. *Id.* 668, 674 (providing that where garnishee's answer is controverted, the issue shall be tried as in other cases).

While it is not clear from the record why the trial court reduced Ascentium's total amount of recovery from the funds held by Chase Bank, Rule 668 unequivocally provides that the court shall "render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee, . . . together with interest and costs." *Id.* Thus, Ascentium was entitled to the funds held by Chase Bank to satisfy Maranatha and Barrett's unsettled debt. *Id.*; *see also Bank One*, 824 S.W.3d at 558. Accordingly, we sustain Ascentium's issue raised on appeal.

### *Conclusion*

We conclude that the trial court properly awarded Chase Bank $750 for costs of the proceeding but erred in rendering judgment for Ascentium for the amount of $9,993.72 when Chase Bank was indebted to Barrett for the amount of $48,562.61, an amount less than the outstanding debt owed by Maranatha and Barrett. *See* Tex.

5

R. Civ. P. 668. We therefore affirm the portion of the judgment awarding Chase Bank $750 for costs of the proceeding but reverse the portion of the judgment awarding Ascentium $9,993.72 and render judgment in favor of Ascentium for the amount of $47,812.61.


/s/ Frances Bourliot
Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.