Valentin MARROQUIN and Maria Marroquin, Appellants,

v.

D & N FUNDING, INC., Appellee.

No. 13–96–292–CV.

Court of Appeals of Texas, Corpus Christi.

March 13, 1997.

Kelly K. McKinnis, Ricardo Alanis, McAllen, for Appellants.

Suzanne M. Schwartz, Charles C. Murray, Atlas & Hall, McAllen, Donald B. Edwards, Smith & Edwards, Corpus Christi, for Appellee.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an interlocutory appeal. Appellants, Maria Marroquin and Valentin Marroquin, sought to enjoin appellee, D & N Funding, Inc., from proceeding with an action to evict them from their home. After a hearing on the matter, the trial court denied appellants' request for a temporary injunction. By two points of error, appellants contend that the trial court erred in denying the requested temporary injunction. We affirm.

Under Texas procedure, appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *North East Indep. Sch. Dist.*

*v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985) (orig. proceeding); *Aldridge*, 400 S.W.2d at 895. Section 51.014 of the Civil Practice and Remedies Code specifically allows appeal of various interlocutory orders, including an order that "(3) grants or refuses a temporary injunction...." TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(3) (Vernon Supp. 1997). Therefore, we have jurisdiction to review this appeal.

In 1966, Maria Alonzo Garces purchased a home in Hidalgo, Texas. She subsequently married Valentin Marroquin, and they continued to live in the home. When appellants began to experience financial difficulties in 1987, Mrs. Marroquin tried to borrow money using the home as collateral. Because the home was homestead property, the bank would not accept it as collateral for the loan. Mrs. Marroquin then sold the house to her daughter and son-in-law, Manuela and Walter Wisdom. The Wisdoms borrowed the money from Border Bank and paid Mrs. Marroquin for the house. On January 2, 1987, Mrs. Marroquin conveyed the property to the Wisdoms by warranty deed with a vendor's lien in favor of the bank. After the sale, appellants continued to reside in the home.

In 1992, the Wisdoms sold the property to Tomasa Marroquin, appellants' other daughter. On March 25, 1992, Manuela and Walter Wisdom conveyed the property to Tomasa by warranty deed with a vendor's lien in favor of the bank. After this second sale, appellants continued to reside on the property.

In 1995, Tomasa defaulted on the note and the bank foreclosed on the property. On January 2, 1996, the property was sold at a foreclosure sale to D & N. On January 17, 1996, Mrs. Marroquin filed for bankruptcy protection. D & N was not notified of this filing. After the filing, D & N filed a forcible detainer action in justice of the peace court

to evict appellants.[1] The matter before the justice court was set for hearing, but was reset when appellants requested a jury trial.

Appellants then filed this suit in district court on April 26, 1996. Appellants contended that the property was their homestead and that the bank, in order to loan the money, encouraged the "simulated sales" in violation of Article XVI, Section 50 of the Texas Constitution.[2] Appellants prayed for:

1) a temporary restraining order against D & N to prevent any actions or the prosecuting of any lawsuits to evict [appellants];

2) a temporary injunction to prevent any actions or the prosecuting of any lawsuits to evict [appellants];

3) a permanent injunction; and

4) an order declaring that the purported bank lien was null, void, and unconstitutional, and that the purported Trustee's Deed obtained by D & N was also void.

At the time this suit was filed, neither the justice court nor the district court were aware of the bankruptcy proceedings. The district court granted appellants' request for a temporary restraining order (TRO) on April 26, 1996. D & N was apparently served with the TRO just before the jury trial commenced in the justice court.

On May 8, 1996, just before the hearing on the temporary injunction, the district court was informed that Mrs. Marroquin had declared bankruptcy. Nevertheless, the district court decided to proceed with the hearing. On May 22, 1996, the district court signed an order denying appellants' request for a temporary injunction.

By two points of error, appellants contend that the trial court erred in denying their request for a temporary injunction.[3]

■ A trial court's decision to grant or deny a temporary injunction will be reversed on appeal only if the record shows a clear abuse of discretion. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981); *Haq v. America's Favorite Chicken Co.*, 921 S.W.2d 728, 730–31 (Tex. App.—Corpus Christi 1996, writ dism'd w.o.j.). An abuse of discretion may be found where the trial court acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Landry's Seafood Inn & Oyster Bar–Kemah, Inc. v. Wiggins*, 919 S.W.2d 924, 926 (Tex.App.— Houston [14th Dist.] 1996, no writ). On appeal, the appellate court is not to substitute its judgment for that of the trial court, but must determine whether the trial court's action was so arbitrary as to exceed the bounds of reasonable discretion. *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970).

■ For a temporary injunction to be issued, a party must plead and prove a probable injury if temporary equitable relief is denied, and a probable right to recovery; the party need not establish final success in the litigation. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968); *Haq*, 921 S.W.2d at 730; *Crossland Sav. Bank FSB v. Constant*, 737 S.W.2d 19, 20 (Tex.App.—Corpus Christi 1987, no writ). A temporary injunction will not be granted where there is a plain and adequate remedy at law. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984).

After reviewing the record, we find that appellants had an adequate remedy that would have provided relief similar to the requested injunction. Appellants could have informed the justice court that Mrs. Marroquin had filed for bankruptcy protection and that a stay order prohibited the justice court

---

1. Russell Nash, a D & N owner, testified that such an action exists. However, no official court documents of this action appear in the record before us.

2. The issues concerning the nature of the property and the bank's actions are not before this court.

3. At the time appellants perfected their appeal, we were not informed of the bankruptcy proceeding. We abated the appeal on August 15, 1996, after D & N informed us of the bankruptcy. When we received a copy of the bankruptcy court's discharge of debtor, we reinstated the appeal.

from proceeding with the forcible detainer action.

Title 11 of the Bankruptcy Code provides that once a petition is filed in bankruptcy, an automatic stay is imposed, prohibiting the commencement or continuation of any judicial actions or proceedings against the debtor. 11 U.S.C. § 362(a)(1) (1993). Any action taken against the debtor during the automatic stay is void. *Sanchez v. Hester,* 911 S.W.2d 173, 176 (Tex.App.—Corpus Christi 1995, orig. proceeding [leave denied]). Whether a proceeding is "against the debtor" within the meaning of section 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding. *Nautical Landings Marina v. First Nat'l Bank in Port Lavaca,* 791 S.W.2d 293, 295 (Tex.App.—Corpus Christi 1990, writ denied). D & N's forcible detainer action against Mrs. Marroquin, the debtor in bankruptcy, was automatically stayed whether D & N knew of the bankruptcy proceedings or not. *See Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied).

D & N, however, also filed a forcible detainer action against Mr. Marroquin, who did not file bankruptcy. While the general rule is that a section 362(a)(1) stay is not available to nonbankrupt codefendants, in some very limited situations it may be available. *In re S.I. Acquisition, Inc.,* 817 F.2d 1142, 1147 (5th Cir.1987); *Cissne v. Robertson,* 782 S.W.2d 912, 924 (Tex.App.—Dallas 1989, no writ).

> Such a situation exists when the debtor and nonbankrupt are closely related or "when there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re S.I. Acquisition, Inc.,* 817 F.2d at 1147, 1148 (quoting with approval *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 [4th Cir.], *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 [1986]). The bankruptcy stay prohibits "any act to obtain possession of property of the estate," which applies as to "all legal or

equitable interests of the debtor in property." *See In re S.I. Acquisition, Inc.,* 817 F.2d at 1149.

*Cissne,* 782 S.W.2d at 924. Section 362(a)(3) also implements a stay of any action, whether against the debtor or third parties, that seeks to obtain or exercise control over the property of the debtor. *In re S.I. Acquisition, Inc.,* 817 F.2d at 1148. Because all these situations applied, we conclude that the stay order also protected Mr. Marroquin.

If appellants had informed the justice court that Mrs. Marroquin had filed for bankruptcy protection and that a stay order prohibited the justice court from proceeding with the forcible detainer action, they would have received the same protection that they requested from the district court. Accordingly, we cannot say that the trial court abused its discretion by refusing to issue the temporary injunction. We overrule appellants' first and second points of error.

We affirm the trial court's order denying appellants' request for a temporary injunction.