Opinion issued January 20, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01019-CV




LIZZIE LOVALL, Appellant

V.

GOW-MING CHAO, Appellee




On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 768774




MEMORANDUM OPINION

          This is an appeal of a judgment in favor of appellee, Gow-Ming Chao, and
against appellant, Lizzie Lovall, in a forcible detainer action brought by appellee to
regain possession of premises occupied by appellant. Appellant raises four issues on
appeal: (1) whether the trial court had jurisdiction to hear appellee’s forcible detainer
action, (2) whether appellee’s petition stated a cause of action for forcible detainer,
(3) whether the evidence was sufficient to support the trial court’s judgment, and (4)
whether the judgment is enforceable when no findings of fact and conclusions of law
were produced by the trial court. 
          We dismiss for lack of jurisdiction.
Factual and Procedural History
          On December 5, 2001, Webster W. Lovall, appellant’s husband, filed for
bankruptcy protection under Chapter 7 of the Bankruptcy Code. At the time Webster
filed for bankruptcy, he and appellant were residing in a house owned by appellee.



          On January 18, 2002, appellee initiated a forcible detainer action against
appellant in the justice of the peace court, asserting that appellant had failed to pay
rent on the house in which she and her husband were residing. The justice of the
peace court ruled in favor of appellee and issued a writ of possession. 
          Appellant appealed the justice of the peace court ruling to the county court.


 
On June 24, 2002, a trial was held before the court and judgment was again rendered
in appellee’s favor. 
          Appellant then appealed to this Court. After receiving notice from appellant
of the pending bankruptcy action, we abated the appeal.


 Appellee filed a motion to 
reinstate the appeal. Attached to the motion was a certified copy of an order of the
bankruptcy court, allowing the appeal to proceed.


 We granted appellee’s motion and
reinstated the appeal. 
Applicability of Bankruptcy Stay
          On appeal, appellant contends that the justice of the peace and the county court
lacked jurisdiction to enter a judgment of possession in favor of appellee because
appellee’s claims were subject to an automatic stay under the Bankruptcy Code. We
agree. 
          When a defendant files a bankruptcy petition, an automatic stay goes into effect
and abates judicial proceedings against that party. In re Southwestern Bell Tel. Co.,
35 S.W.3d 602, 604 (Tex. 2000). Specifically, the Bankruptcy Code provides that the
filing of a bankruptcy petition operates as a stay of the following:
the commencement or continuation, including the issuance or
employment of process, of a judicial administrative, or other action or
proceeding against the debtor that was or could have been commenced
before the commencement of the case under this title, or to recover a
claim against the debtor that arose before the commencement of the case
under this title.

11 U.S.C. § 362(a)(1) (2003). This stay takes effect regardless of whether the other
parties to the stayed action are cognizant of the bankruptcy proceedings. Marroquin
v. D & N Funding, Inc., 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi 1997, no
writ). 
          The bankruptcy stay deprives state courts of jurisdiction over the debtor and
his property until the stay is lifted or modified. Baytown State Bank v. Nimmons, 904
S.W.2d 902, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Therefore, any
subsequent judicial proceedings taken against the debtor that are in violation of the
automatic stay are void, not merely voidable. Continental Casing Corp. v. Samedan
Oil, 751 S.W.2d 499, 501 (Tex. 1988).
          The stay applies to any action taken against the debtor to obtain possession of
property of the debtor’s bankruptcy estate or of property from the bankruptcy estate
or to exercise control over property of the bankruptcy estate. 11 U.S.C. § 362(a)(3). 
The debtor’s bankruptcy estate is comprised of all the debtor’s legal or equitable
interest in property as of the commencement of the bankruptcy action. In re
MortgageAmerica, 714 F.2d 1266, 1273-74 (5th Cir. 1983); Audio Data Corp. v.
Monus, 789 S.W.2d 281, 286 (Tex. App.—Dallas 1990, no writ); see also 11 U.S.C.
§ 541(a)(1). 
          Whether a proceeding is “against the debtor” within the meaning of section
362(a)(1) is determined from an examination of the posture of the case at the initial
proceeding. Marroquin, 943 S.W.2d at 115. While the general rule is that the
automatic stay is not available to non-bankrupt co-defendants, in some very limited
situations, it may be available. In re S.I. Acquisition, Inc., 817 F.2d 1142, 1147 (5th
Cir. 1987). Such a situation exists when the debtor and non-bankrupt co-defendant
are closely related or “when there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a
judgment against the third-party defendant will in effect be a judgment or finding
against the debtor.” Id. Thus, when one spouse is in bankruptcy proceedings and a
forcible detainer action is filed against the non-bankrupt spouse, the stay would apply
to both spouses. See Marroquin, 943 S.W.2d at 115.
          Because appeals are continuations of judicial proceedings, the automatic stay
applies at both the trial and appellate level. Davis v. Baker, 29 S.W.3d 921, 923 (Tex.
App.—Austin 2000, no pet.). Thus, in an action initiated against the debtor, no party
to the action may appeal absent relief by the bankruptcy court from the automatic
stay. Id. at 924.
          In the instant case, appellant and her husband were in possession of the
premises at issue when her husband’s bankruptcy petition was filed. Although the
nature of their tenancy is not clear, at the very least, appellant and her husband’s
possessory interest was a tenancy at sufferance, which is an equitable interest under
section 541 of the bankruptcy code, and, therefore, protected by the automatic stay. 
See Trang v. Trang, 58 B.R. 183, 188 (Bankr. S.D. Tex. 1985); see also 11 U.S.C.
§ 541. Furthermore, although only appellant—the non-bankrupt spouse—was named
as a defendant in appellee’s forcible detainer action, the interests of appellant and her
husband (as to the forcible detainer action) were such that the stay applied to both
parties. Therefore, we conclude that the bankruptcy court’s automatic stay deprived
the justice of the peace court of jurisdiction over appellee’s forcible detainer action.
          Because the automatic bankruptcy stay applied to appellee’s forcible detainer
action, neither the justice of the peace nor the county court had jurisdiction over the
forcible detainer action. See Nimmons, 904 S.W.2d at 905. Thus, we hold that the
county court’s judgment is void.


 See Samedan Oil, 751 S.W.2d at 501. 
Conclusion
          We declare the county court’s judgment void and dismiss the appeal for want
of jurisdiction. See State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995);
Moore Landry, L.L.P. v. Hirsch & Westheimer, P.C., 126 S.W.3d 536, 543 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). 
          All pending motions are dismissed as moot.




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Nuchia, Hanks, and Higley.