

NUMBER 13-15-00450-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS SUCCESSOR
TRUSTEE TO CITIBANK, N.A. AS
TRUSTEE FOR BEAR STEARNS
ASSET BACKED SECURITIES I
TRUST 2006-HE4 ASSET-BACKED
CERTIFICATES, SERIES 2006-HE4,                    Appellants,

v.

ESTELLA SALINAS, JAIME SALINAS
AND ALL OTHER OCCUPANTS 502
EL PINTO ROAD, SULLIVAN, TX 78595,                Appellees.

On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides

By two issues, appellant Wilmington Trust, National Association, As Successor Trustee to Citibank, N.A. as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-HE4 Asset-Backed Certificates, Series 2006-HE4 ("Wilmington Trust") appeals the trial court's dismissal of its forcible detainer action against appellees, Estella Salinas, Jaime Salinas, and All Other Occupants of 502 El Pinto Road ("the Salinases"). We affirm.

## I.    BACKGROUND

On March 31, 2014, the Salinases filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District. *See* 11 U.S.C.A. § 301 (West, Westlaw through P.L. 114–181). On April 1, 2014, a foreclosure sale took place on real property located at 502 El Pinto Road ("the El Pinto property") in Sullivan City, pursuant to the Salinases' default on the note and deed of trust associated with this property. Wilmington Trust purchased the property for $41,650.00. On July 17, 2014, Wilmington Trust sent the Salinases a written demand to vacate the El Pinto property pursuant to its non-judicial foreclosure purchase of the property.

On August 4, 2014, Wilmington Trust filed a forcible detainer suit in justice court against the Salinases pursuant to its April 1, 2014 foreclosure sale and trustee's deed. On August 28, 2014, the justice court rendered a default judgment against the Salinases and ordered a writ of possession to Wilmington Trust for the El Pinto property. On September 2, 2014, the Salinases appealed for a trial de novo to Hidalgo County Court at Law Number Four ("the trial court"). *See* Tex. R. Civ. P. 506.3.

After an unsuccessful attempt at court-ordered mediation, the trial court held a bench trial on the forcible detainer suit, in which testimony and evidence was received.

At the hearing, the Salinases challenged the trial court's (and likewise the justice court's) jurisdiction to hear the forcible detainer action in light of the Salinases' March 31, 2014 bankruptcy. Wilmington Trust argued to the trial court—and does so again on appeal—that the bankruptcy proceeding was irrelevant to the forcible detainer action because it dealt with an attack on the title to the El Pinto property and not with the right to possession of the property, which was the gravamen of its present forcible detainer action. The trial court took the issue under advisement and later dismissed Wilmington Trust's cause of action for want of jurisdiction due to the pending bankruptcy proceeding. This appeal followed.

## II. AUTOMATIC STAY IN BANKRUPTCY

By two issues, Wilmington Trust argues that the trial court improperly dismissed its forcible detainer action and that it established a prima facie right to superior possession over the El Pinto property.

### A. Standard of Review

Subject-matter jurisdiction is essential to a court's power to decide a case. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). We treat challenges to a court's subject-matter jurisdiction as questions of law that we review de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

### B. Discussion

The trial court concluded that it lacked jurisdiction to hear Wilmington Trust's forcible detainer action because the Salinases' bankruptcy petition stayed the proceedings and left the trial court without jurisdiction to hear it. We agree.

3

When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates any judicial proceeding against that party. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000); *see* 11 U.S.C.A. § 362(a) (West, Westlaw through P.L. 114–181). Specifically, the federal bankruptcy law states that a bankruptcy petition operates as a stay of:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

*Id.* § 362(a)(1). Any action taken in violation of the automatic stay is void. *See Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992); *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988). Whether a proceeding is "against the debtor" within the meaning of section 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding. *Marroquin v. D & N Funding, Inc.*, 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi 1997, no writ). Finally, section 362(a)(3) of the bankruptcy code also implements a stay of any action, whether against the debtor or third parties, that seeks to obtain or exercise control over the property of the debtor. *Id.* (citing 11 U.S.C.A. § 362(a)(3)).

Here, the record shows that the Salinases were in possession of the El Pinto property when the voluntary bankruptcy petition was filed. Thus, Wilmington Trust's commencement of the forcible detainer action violated the automatic stay, and furthermore, nothing in the record shows that the bankruptcy court modified the stay or allowed the forcible detainer suit to commence or continue. *See Marroquin*, 943 S.W.2d at 115; *see also Kilpatrick v. Potoczniak*, No. 14-13-00707-CV, 2014 WL 3778837, at *2

4

(Tex. App.—Houston [14th Dist.] 2014, no pet.) (mem. op.). Any action short of dismissal by the trial court on Wilmington Trust's forcible detainer lawsuit would have been void. *See Howell*, 839 S.W.2d at 92. Accordingly, the trial court did not err in dismissing the forcible detainer action for want of jurisdiction. We overrule Wilmington Trust's two issues on appeal.

### III. CONCLUSION

We affirm the trial court's order dismissing Wilmington Trust's forcible detainer action.

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of September, 2016.