

# NUMBERS 13-20-00333-CV and 13-20-00384-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ENO WILLIAMS AND
ANTHONY WELCH,                                          Appellants,

v.

JP MORGAN CHASE BANK, N.A.,                             Appellee.

## On appeal from the County Court at Law No. 5
## of Fort Bend County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Benavides and Longoria
## Memorandum Opinion by Justice Longoria

Pro se appellants Eno Williams and Anthony Welch filed two notices of appeal challenging the county court's order granting summary judgment in favor of appellee JPMorgan Chase Bank, N.A. (JPMC) and the county court's subsequent order vacating an order granting appellants' motion to dismiss. By order of this Court, this matter was

severed into two appellate cause numbers: number 13-20-00333-CV, challenging the order vacating the order of dismissal, and number 13-20-00384-CV, challenging the summary judgment order. We address both appellate cause numbers in this single opinion.[1] In what we construe and renumber as three issues, appellants argue the county court: (1) did not have jurisdiction to proceed with summary judgment on a forcible detainer case because of: (a) a restraining order and (b) pending title litigation; (2) erred in failing to grant appellants' motion to dismiss; and (3) erred in granting summary judgment "given the existence of genuine issues of material facts." We affirm.

## I. BACKGROUND[2]

This case arises out of an eviction suit. JPMC purchased 2003 Darby Lane, Fresno, Texas (the Property) at a foreclosure sale. Appellants did not surrender possession of the Property to JPMC.

Appellants brought suit in state district court challenging the validity of the foreclosure sale. On December 11, 2019, appellants obtained an ex parte temporary restraining order in state district court which stated:

> [JPMC], their agents, servants[,] and employees, from [sic] directly or indirectly restrained and are hereby commanded forthwith to desist and refrain from doing any of the following acts from the date of entry of this Order until and to the 14th day after entry or until further order of this Court:

---

[1] On September 10, 2020, this Court issued a letter notifying appellants that their notice of appeal in appellate cause number 13-20-00384-CV was untimely. *See* TEX. R. APP. P. 38.6(a). However, having reviewed the clarification order from the county court, we now determine appellants' notice of appeal in cause number 13-20-00384-CV is timely. We address both cause numbers together for judicial efficiency.

[2] This case is before this Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

1. Foreclosing on [appellants'] property;

2. Issuance and service of a writ of possession;

3. Evicting anyone from the residence;

4. Entering and taking possession of the home or otherwise interfering with [appellants'] right to the quiet enjoyment and use of the home;

5. Proceeding with or attempting to sell or foreclose upon the home;

6. Attempting to purchase, transfer, assign or collect on the mortgage;

7. Bond is set at $100.00; and

8. Hearing on whether this Temporary Restraining Order should become a Temporary Injunction is scheduled for 18 Dec., 2019 at 9:00am in the 268th District Court.[3]

JPMC contends that no restraining order was served on it, nor did it have notice of the restraining order being entered. On December 17, 2019, JPMC sent written notice to appellants, instructing them to vacate the Property, which appellants refused. On January 7, 2020, JPMC filed a forcible detainer action in the justice court.[4] JPMC obtained a forcible detainer judgment in its favor and appellants appealed the justice court judgment. JPMC filed a summary judgment motion which was granted by the county court. This appeal ensued.

---

[3] In their appellate brief appendix, appellants attached an order purporting to extend the temporary restraining order until January 8, 2020. This order does not appear in the clerk's record and cannot be considered on appeal. *See Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) ("[A]n appellate court cannot consider documents . . . cited in the brief and attached as appendices if they are not formally included in the record on appeal."); *Reeves v. Hous. Lighting & Power Co.*, 4 S.W.3d 374, 378 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (noting that an appellate court must hear and determine the case on the record as filed and cannot consider documents that are attached as exhibits or appendices to briefs or motions).

[4] On January 7, 2020, JPMC removed appellants' state district court suit to federal district court. JPMC's motion to dismiss was granted in federal court on June 5, 2020.

## II. JURISDICTION

By their first issue, appellants argue that the county court did not have jurisdiction to hear JPMC's forcible detainer action because there was a "restraining order and pending lawsuit in district court to determine title" to the Property. *See* TEX. PROP. CODE ANN. § 24.004(a) (providing that a justice court has exclusive jurisdiction over forcible detainer suits); *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex.App.—Fort Worth 1996, no writ) (noting that a county court has no jurisdiction over an appeal unless the justice court had jurisdiction). Without jurisdiction, appellants argue the county court erred in not granting their motion to dismiss. JPMC argues that a title determination was not required to determine the right to possession because the landlord-tenant relationship between the parties provided an independent basis for possession. We agree with JPMC.

### A. Temporary Restraining Order

Appellants first argue that the county court lacked jurisdiction because the state district court had entered a temporary restraining order preventing JPMC from going forward with litigation. In response, JPMC argues it was not proper for the district court to restrain a justice court or county court in the manner alleged by appellants, and even if it were proper, JPMC was never served with the temporary restraining order, "nor did the temporary restraining order prohibit the filing [of] a forcible detainer action."

A temporary restraining order is a stopgap, placeholding measure—it serves to preserve the status quo for up to fourteen days, just until a litigant's application for temporary injunction can be heard. *See* TEX. R. CIV. P. 680 (providing that the term of a temporary restraining order shall not exceed fourteen days, and if granted ex parte, "the

4

application for a temporary injunction shall be set down for hearing at the earliest possible date . . . and when the application comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order"); *see also Town of Flower Mound v. Eagleridge Operating, LLC*, No. 02-18-00392-CV, 2019 WL 3955197, at *8 (Tex. App.—Fort Worth Aug. 22, 2019, no pet.) (mem. op.).

Appellants argue that the JPMC violated the temporary restraining order by filing the required notice to vacate during the time the order was in still effect, and therefore, the notice is void. *See* TEX. PROP. CODE ANN. § 24.005(b) ("If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit . . . ."). Appellants direct us to no relevant authority,[5] and we find none, indicating that a notice to vacate issued in violation of a temporary restraining order is void. *See* TEX. R. APP. P. 38.1(i). Instead, the remedy for the violation of a temporary restraining order is punishment by contempt proceedings. *Green Oaks, Ltd. v. Cannan*, 749 S.W.2d 128, 131 (Tex. App.—San Antonio 1987), *writ denied sub nom. Cannan v. Green Oaks Apts., Ltd.*, 758 S.W.2d 753 (Tex. 1988). It is true that a court may punish a contempt by fine or imprisonment in order to vindicate its

---

[5] We note that appellants cite *Marroquin v. D & N Funding, Inc.*, 943 S.W.2d 112, 114 (Tex. App.—Corpus Christi–Edinburg 1997, no pet.) for the proposition that a "restraining order issued by [a] district court preventing [an] eviction suit from being filed is [the] same relief as [an] automatic stay from [a] bankruptcy court preventing [an] action against [a] debtor, action taken is void." However, appellants have misconstrued *Marroquin*, which specifically explains that a stay is automatically issued in a bankruptcy proceeding and any action taken against the debtor is void. *See id.* at 115. *Marroquin* does not draw any connection between a restraining order and the automatic bankruptcy stay as appellants assert in their brief. *See id.*

5

authority. *See* TEX. GOV'T CODE ANN. § 21.002. But in addition, a litigant injured by a contempt may file a civil suit for damages. *See Cannan*, 749 S.W.2d at 131 (citing *Edrington v. Pridham*, 65 Tex. 612, 617–618 (1886); *Beverly v. Roberts*, 215 S.W. 975, 976 (Tex. App.—Amarillo 1919, no writ)). No such remedy was sought by appellants, and we note the remedy of contempt would be unavailable in any event because JPMC was never notified of the restraining order. *See Ex parte Chambers*, 898 S.W .2d 257, 259 (Tex. 1995) ("[O]ne must have knowledge or notice of an order which one is charged with violating before a judgment of contempt will obtain.") (citing *Ex parte Conway*, 419 S.W.2d 827, 828 (Tex. 1967)); *see also In re Sullivan*, No. 14-10-00328-CV, 2010 WL 2104184, at *1 (Tex. App.—Houston [14th Dist.] May 27, 2010, orig. proceeding) (mem. op. per curiam) ("A criminal contempt conviction for violation of a court order requires proof beyond a reasonable doubt of, among other things, a willful intent to violate the order.")

## B.    Title Dispute

Appellants also argue that the county court did not have jurisdiction to proceed "in the face of appellant's [sic] pending lawsuit in district court to determine title to the Property." A county court at law has no jurisdiction to adjudicate title in a de novo trial of a forcible detainer action from justice court. *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.). Rather, the only issue in a forcible detainer suit is who has the right to immediate possession of the property. *Id.* at 709. To prevail, it is unnecessary for the plaintiff to prove title to the property; plaintiff is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* When the issue of immediate possession requires resolution of a title dispute, however, neither

6

the justice court nor the county court at law have jurisdiction to render a judgment for possession. *Id.* 708–09; *aee Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.). A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather, it is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute." *Rice*, 51 S.W.3d at 713 (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)).

In *Martinez v. Beasley*, this Court held:

> [A] judgment of possession in a forcible detainer action is a determination only of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. Therefore, in this case, plaintiffs have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of defendant's award of possession of the premises in the forcible detainer action, which determined the right to immediate possession of the premises, and nothing else. An action in forcible detainer in the justice court is one thing, and an action in the district court to determine whether a trustee's deed to the premises involved in the forcible detainer action should be set aside i[s] something else.

572 S.W.2d 83, 85 (Tex. App.—Corpus Christi–Edinburg 1978, no writ).

Here, the deed of trust executed by appellants and JPMC specifically states:

> If the Property is sold at foreclosure, [appellants] or any person holding possession of the Property by, through or under [appellants] shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, [appellants] or such person shall be a tenant at sufferance, liable to the extent allowed by law for reasonable rental for the use of the Property[] and may be removed by writ of possession in accordance with applicable law.

Based on the deed, appellants became tenants at sufferance and subject to a forcible detainer action when they refused to vacate the property after request. Appellants

did not argue in the county court that the foreclosure sale was invalid; instead, it made those arguments only in the state district court proceedings. Accordingly, it was not necessary for the county court at law to determine the issue of title to the property, nor did it. The county court merely determined who was entitled to immediate possession based on the deed of trust and foreclosure sale. To hold, as appellants suggest, that the filing of a concurrent suit in district court challenging the validity of the foreclosure sale precludes a forcible detainer suit in justice court "would ignore the long-established legislative scheme of parallel resolution of immediate possession and title issues." *Rice*, 51 S.W.3d at 711; *see Martinez*, 572 S.W.2d at 85.

## C. Summary

We overrule appellants' first issue.[6]

### III. SUMMARY JUDGMENT

In their third point of error, appellants argue that the county court erred in granting summary judgment in favor of JPMC because a genuine issue of material fact existed. Specifically, appellants contend that the issue of whether JPMC was served with the temporary restraining order or the extension of said order "created a genuine material fact issue." Appellants, however, provide no references to the record and no citations to authority to support their contention. *See* TEX. R. APP. P. 38.1(i) (requiring that briefs "contain a clear and concise argument for the contentions made, with appropriate

---

[6] By what we construe as appellants' second issue in appellate cause number 13-20-00333-CV, appellants assert that the county court erred in failing to grant their motion to dismiss based on lack of jurisdiction. Having determined the county court had jurisdiction, we overrule appellants' second issue.

citations to authorities and to the record"). Accordingly, we overrule appellants' third issue.

## IV.  CONCLUSION

The judgment vacating the order of dismissal in appellate cause number 13-20-00333-CV and the judgment granting JPMC's summary judgment in appellate cause number 13-20-00384-CV are affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
17th day of March, 2022.

9