**Opinion issued April 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

**NO. 01-23-00575-CV**

———————————————

**LANA M. STRANGE AND ROBERT F. STRANGE, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2004-4, ASSET-BACKED CERTIFICATES, SERIES 2004-4, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1201046**

---

## MEMORANDUM OPINION

Appellants Lana M. Strange and Robert F. Strange challenge the trial court's judgment entered in favor of Appellee Deutsche Bank National Trust

Company[1] in Deutsche Bank's forcible detainer action against Appellants. Deutsche Bank moves to dismiss the appeal, arguing that because Appellants have been evicted from the property at issue, their appeal is moot. Appellants respond that a bankruptcy stay precluded the trial court from issuing the writ of possession pursuant to which they were evicted. Thus, they argue, they were wrongfully evicted from the property and their appeal is not moot.

We agree with Deutsche Bank that Appellants' appeal is moot. We thus dismiss the appeal for lack of jurisdiction.

**Background**

Appellants purchased property in Houston's Tanglewood subdivision in May 2004. The security instrument executed by Appellants in connection with their purchase of the property states:

> If the Property is sold [in a foreclosure sale], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Deutsche Bank acquired the property at a foreclosure sale in April 2022. Months later, upon discovering that Appellants were still living at the property, Deutsche Bank served Appellants with a written notice to vacate pursuant to Section 24.001

---

[1] Appellee's full name is Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2004-4, Asset Backed Certificates, Series 2004-4.

2

of the Texas Property Code. Despite the notice, Appellants refused to surrender possession.

Deutsche Bank twice filed a Complaint for Forcible Detainer and Original Petition against Appellants in the Justice of the Peace Court. The first suit resulted in judgment in favor of Deutsche Bank, which Appellants appealed to the County Court at Law. According to Deutsche Bank, the appeal "got 'lost' somewhere along the way" and the trial court's judgment "went stale, thereby prompting [Deutsche Bank] to file another lawsuit." In the second lawsuit, the Justice of the Peace Court again found in favor of Deutsche Bank and Appellants appealed to the County Court at Law for a trial *de novo*.[2]

Deutsche Bank filed a motion for summary judgment in the County Court, arguing it had a superior right to possession of the property because (1) it purchased the property at a foreclosure auction in April 2022, (2) Appellants became tenants at sufferance when Deutsche Bank bought the property, (3) Deutsche Bank properly gave notice to Appellants to vacate the property, and (4) Appellants refused to vacate the property.[3] Deutsche Bank argued that its lawsuit

---

[2] *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433–34 (Tex. App.— Houston [1st Dist.] 2007, no pet.) ("Any party dissatisfied with a justice-court judgment in such a [forcible detainer] suit may appeal to the county court, in which trial is *de novo*.").

[3] To establish a superior right to immediate possession in a forcible detainer action, the purchaser of a foreclosed property must prove:

was not barred by *res judicata*, because Appellants' corresponding appeal had been "lost" resulting in the judgment becoming stale thus necessitating a second lawsuit. Appellants responded arguing only that *res judicata* precluded the trial court from granting summary judgment in favor of Deutsche Bank. Appellants did not address the merits of Deutsche Bank's forcible detainer action.

The County Court granted Deutsche Bank's motion for summary judgment on July 6, 2023. Five days later, on July 11, 2023, Robert Strange filed a petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code, triggering an automatic stay of all proceedings in the County Court, subject to certain exceptions.[4,5] On July 12, 2023, Deutsche Bank requested that the court issue a

---

> (1) it has a landlord-tenant relationship with the borrower; (2) it purchased the property at foreclosure; (3) it gave proper notice to the occupants of the property to vacate; and (4) the occupants refused to vacate the premises.

*Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921–22 (Tex. App.–El Paso 2013, no pet.)).

[4] *See* 11 U.S.C. § 362 (discussing automatic stay and exceptions thereto).

[5] Lana Strange did not file a bankruptcy petition. However, to the extent a stay was in effect for Robert Strange, it would apply to her as well. *See Lovall v. Chao*, No. 01-02-01019-CV, 2005 WL 110372, at *2 (Tex. App.—Houston [1st Dist.] Jan. 20, 2005, no pet.) (mem. op.) ("[W]hen one spouse is in bankruptcy proceedings and a forcible detainer action is filed against the non-bankrupt spouse, the stay would apply to both spouses."); *Marroquin v. D & N Funding, Inc.*, 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi–Edinburg 1997, no writ) (holding stay of forcible detainer action against wife, who sought bankruptcy protection, also applied to husband, who did not file bankruptcy petition); *cf. In re Small*, 286 S.W.3d 525, 533 (Tex. App.—Houston [14th Dist. 2009, no pet.)

writ of possession. On July 14, 2023, Robert Strange filed a Notice of Bankruptcy in the trial court reflecting the automatic stay.[6] That same day, the County Court issued a writ of possession to Deutsche Bank. Deutsche Bank did not enforce the writ until after the bankruptcy stay was lifted.

Appellants filed their notice of appeal on August 3, 2023. They did not post a supersedeas bond. The bankruptcy court lifted the automatic stay on September 13, 2023 and Deutsche Bank had the writ served on Appellants the following day. Appellants were evicted on September 18, 2023. Following the eviction, Deutsche Bank moved to dismiss the appeal, arguing the appeal is moot because Appellants have been evicted from the property. In response, Appellants argued their appeal is not moot because the issuance of Deutsche Bank's writ of possession violated the automatic stay imposed when Robert Strange sought bankruptcy protection and thus, they were wrongfully evicted. Deutsche Bank replied arguing the bankruptcy stay did not apply to the writ of possession because as a result of the foreclosure sale, Appellants became tenants at sufferance under the relevant security instrument, thus triggering an exception to the bankruptcy stay.

---

(orig. proceeding) (noting bankruptcy court's order provided all community property was property of bankruptcy estate even though wife did not file bankruptcy petition).

[6] It is unclear whether the writ of possession was issued before Appellants filed their Notice of Bankruptcy, or vice versa. The docketing sheet in the record lists the issuance of the writ before the Notice of Bankruptcy.

**Discussion**

**A.    Mootness**

When a defendant fails to file a supersedeas bond, "the judgment in a forcible entry and detainer action may be enforced and a writ of possession may be executed, evicting the defendant from the property." *Richardson v. Daka Investments, LLC*, No. 02-20-00360-CV, 2021 WL 4621762, at *1 (Tex. App.—Fort Worth Oct. 7, 2021, no pet.) (mem. op.) (citing *Brigandi v. Am. Mortg. Inv. Partners Fund I Tr.*, No. 02-16-00444-CV, 2017 WL 1428726, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (mem. op.)).  The appeal from a forcible entry and detainer action "becomes moot upon an appellant's eviction from the property unless the appellant asserts a potentially meritorious claim of right to current possession of the property or unless damages or attorney's fees remain at issue." *Id.*  (citing *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.)); *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) ("When . . . the appellant is no longer in possession of the subject property, the appeal from the forcible-detainer action becomes moot unless the appellant holds and asserts 'a potentially meritorious claim of right to current, actual possession' of the

property.") (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

We lack subject matter jurisdiction to decide a moot controversy. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) ("When a case becomes moot, the court loses jurisdiction and cannot hear the case, because any decision would constitute an advisory opinion that is 'outside the jurisdiction conferred by Texas Constitution article II, section 1.'"); *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd) ("A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions.") (citation omitted); *see also Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 576–77 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (holding after eviction, no justiciable controversy existed, appeal was moot, and dismissal was warranted because appellate court lacked jurisdiction); *Holloway v. Revelstoke Venture, LLC*, No. 02-23-00375-CV, 2024 WL 191221, at *2 (Tex. App.—Fort Worth Jan. 18, 2024, no pet. h.) (mem. op.) ("Because [appellant] no longer has possession of the property, her appeal is moot, and we have no jurisdiction over her appeal.").

## B.    Bankruptcy Stay

In their combination appellate brief and response to Deutsche Bank's motion to dismiss, Appellants argue only that their appeal is not moot because the trial court issued the writ of possession after Robert Strange sought Chapter 13

bankruptcy protection and while the automatic stay imposed by 11 U.S.C. § 362(a)(1) was in effect. Deutsche Bank responds that the automatic stay did not apply to its forcible detainer action and that it obtained a ruling from the bankruptcy court to that effect, which Deutsche Bank attached to its reply.

"When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates judicial proceedings against that party." *Lovall v. Chao*, No. 01-02-01019-CV, 2005 WL 110372, at *1 (Tex. App.—Houston [1st Dist.] Jan. 20, 2005, no pet.) (mem. op.) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000)). There are limits, however, to the protection afforded by a bankruptcy stay. Relevant to this appeal, the filing of a bankruptcy petition does not operate as a stay

> of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor[.]

11 U.S.C. § 362(b)(22). To that end, we take judicial notice[7] of the bankruptcy court's holding that the bankruptcy stay was inapplicable to the issuance of the

---

[7] We may take judicial notice of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b)(2). *See Ramey v. Bank of New York*, No. 14-06-00824-CV, 2010 WL 2853887, at *1 (Tex. App.—Houston [14th Dist.] July 22, 2010, no pet.) (mem. op.) (taking judicial notice that bankruptcy court annulled stay for period of time covering foreclosure sale, thus validating sale).

writ of possession against Appellants because they were tenants in sufferance at the time the bankruptcy proceeding commenced. During a hearing on Deutsche Bank's motion for a "comfort order,"[8] the bankruptcy court held that the bankruptcy stay was not applicable to Deutsche Bank's forcible detainer action against Appellants. It held that the exception to the stay described in "[11 U.S.C. Section 362] (b) (22) would apply based upon the language of the contract, tenant in sufferance. That's what the contract said." Thus the bankruptcy court implicitly held that the stay did not preclude the issuance of the writ of possession in Deutsche Bank's forcible detainer action.[9]

Because the bankruptcy court concluded the automatic stay did not apply to the forcible detainer action, and Appellants have now been evicted from the property, we must dismiss the case for lack of jurisdiction unless Appellants have asserted a potentially meritorious claim of right to current possession of the property.

## C.    Meritorious Claim for Right to Current Possession

In a forcible detainer action, evicted Appellants may still pursue an appeal if they have advanced a potentially meritorious claim of right to current, actual

---

[8]    A party may seek relief from a bankruptcy court in the form of a "comfort order" to affirm an automatic stay does not apply to a certain circumstance. *See In re AMRCO, Inc.*, 496 B.R. 442, 444 (Bankr. W.D. Tex. 2013).

[9]    The bankruptcy judge stated during the hearing that even if Section 362(b)(22) were not applicable, he would have lifted the stay "for cause" pursuant to Section 362(d)(1).

possession of the property. *See Marshall*, 198 S.W.3d at 787 (in forcible detainer action, appellant's giving up possession of premises "did not moot [appellant's] appeal so long as appellate relief was not futile; that is, so long as [appellant] held and asserted a potentially meritorious claim of right to current, actual possession" of premises); *see also Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *3 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.) ("If the evicted party claiming possession has a potentially meritorious claim to possess the residential premises, [] displacement by eviction does not render the appeal moot.").

Appellants have not presented a potentially meritorious claim of right to current possession. Indeed, they have presented nothing for our review. In their appellate brief, Appellants argue only that they were wrongfully evicted due to the bankruptcy stay, which argument they advance in response to Deutsche Bank's argument of mootness. They present no other argument.

In addition, their four-paragraph brief is deficient because it lacks most of the required elements under Texas Rule of Appellate Procedure 38.1. The brief does not contain a section identifying the parties and counsel, a table of contents, an index of authorities, a statement of the case, issues presented, a statement of facts supported by record references, or a summary of the argument. *See* TEX. R. APP. P. 38.1(a) (identity of parties and counsel), (b) (table of contents), (c) (index

of authorities), (d) (statement of the case), (f) (issues presented), (g) (statement of facts), and (h) (summary of the argument).

The scant argument in the brief lacks also citations to the record or to any authority other than a citation to one section of the Bankruptcy Code. *See* TEX. R. APP. P. 38.1(a)(i) (stating argument must contain "appropriate citations to authorities and to the record"). "Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *In re Marriage of Sauls & Worley*, 648 S.W.3d 359, 363 (Tex. App.—Texarkana 2021, no pet.) (citation omitted) (holding inadequate briefing presented nothing for our review); *see also Trammell v. Frost Nat'l Bank*, No. 01-05-00216-CV, 2006 WL 3513596, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 7, 2006, no pet.) (mem. op.) (holding brief that did not contain record citations for given issue waived issue, stating, "A party asserting error on appeal bears the burden of showing that the record supports the contention raised and of specifying the place in the record where matters upon which it relies or of which it complains are shown.") (citing *Sisters of Charity of Incarnate Word, Hous., Tex. v. Gobert*, 992 S.W.2d 25, 31 (Tex. App.—Houston [1st Dist.] 1997, no pet.)).

11

In light of the foregoing deficiencies, we hold Appellants waived their arguments and have not presented a potentially meritorious claim of right to current, actual possession of the property. Their appeal is thus moot.

## Conclusion

We grant Deutsche Bank's motion and dismiss the appeal for lack of jurisdiction.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.